**HOCH** et al. v. **HOCH** et al.

No. 11050.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Rehearing Denied May 13, 1942.

Second Rehearing Denied May 27, 1942.

William R. Herring, of Dallas, and John Q. Adams, of Harlingen, for appellants.

E. M. Grimes, of Taylor, for appellees.

SMITH, Chief Justice.

In 1921 Fred Hoch and his wife legally adopted appellant, Frederick Hoch, then an infant. In 1935 the adoptive parents were divorced. In 1940 Fred Hoch died intestate in Cameron County, necessitating administration in that county upon his estate. He had no children other than the adopted son, Frederick Hoch.

In due course the intestate's blood brother, Henry Hoch, filed his application for appointment as administrator of the decedent's estate, and the adopted son, Frederick, filed his opposition to Henry Hoch's application, and renounced his own right to the appointment in favor of his adoptive mother, Lillian Berry, and prayed for her appointment. This renunciation and nomination was made in pursuance of an applicable provision in Art. 3359, R.S.1925.

Henry, the brother, and Frederick, the adopted son, each based his asserted right of appointment solely upon the claim that he was "next of kin" of the intestate, as contemplated in Subdivision 5, Art. 3357, as follows:

"Art. 3357. * * * Letters granted in order.

"Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order: * * *

"5. To the next of kin of the deceased, the nearest in the order of descent first, and so on. * * *"

It is conceded that the right of each applicant to the appointment is referable to and limited by the quoted subdivision 5.

The trial judge sustained the general demurrer to the opposition and cross-application of Frederick, the adopted son, and appointed the brother, Henry, as administrator of the decedent's estate.

Frederick Hoch and his nominee, Lillian Berry, have appealed.

Frederick Hoch was adopted in 1921 under the provisions of Art. 42, R.S. 1925, enacted in 1850, Vernon's Ann.Civ. St. art. 42 note, but his rights as an adopted child were referable at the time to Art. 43, R.S.1925, enacted in 1907, and then in effect, Vernon's Ann.Civ.St. art. 43 note. Under Art. 43 an adopted child became, simply, a legal heir to the estate of his adoptive parents, upon the latter's death, as if born in lawful wedlock. 1 Tex.Jur. p. 730, § 17.

Subsequently, in 1931, and before the death of the adoptive parent in this case, Art. 43 was repealed by the Legislature, which enacted Art. 46a, Vernon's Ann. Civ.Stats., in lieu thereof, and that act was in effect at the time of the death of the adoptive parent in this case.

In numerous cases our Supreme Court has held that the earlier statutes of adoption made adopted children no more than legal heirs of the estates of their adoptive parents, and did not give them the status of children born in lawful wedlock, or make them constituent members of the family of the adoptive parents entitling them to the support of the parents and giving the parents the correlated right of custody and control. Eckford v. Knox, 67 Tex. 200, 2 S.W. 372; Taylor v. Deseve, 81 Tex. 246, 16 S.W. 1008; Harle v. Harle, 109 Tex. 214, 204 S.W. 317, 15 A.L.R. 1261.

But that construction was repealed by the Legislature in Subd. 9, Art. 46a (1931), in which it was provided: "* * * Said [adopted] child shall thereafter be deemed and held to be, *for every purpose,* the child of its parent or parents by adoption as fully as though born of them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and shall inherit from said parent or parents by adoption, and as the child of said parent or parents by adoption, as fully as though born to them in lawful wedlock; subject, however, to the provisions of this Act. Said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, and shall, as such adopting parent or parents, inherit from and as the parent or parents of said

adopted child as fully as though the child had been born to them in lawful wedlock; * * *." (Emphasis ours.)

In 1934 and again in 1937 the Legislature "validated and made of binding force and effect" prior adoptions, such as that in this case. Art. 46b, Vernon's Ann.Civ.Stat., Act of 1934 (43rd Leg. 2d C.S., p. 93, Ch. 39, § 1), and Act of 1937 (45 Leg. p. 1324, Ch. 490, § 2).

■ It seems obvious that these several enactments of the Legislature can be given no other effect than to vest in adopted children every right and privilege, and give them the full status for every purpose, of children born in lawful wedlock. And it seems equally obvious that the enactments were in effect retrospective as well as prospective, and applied to all validated adoptions, whether made under those or prior statutes, for it is inconceivable that the Legislature by general laws intended to create preferred or different classes of adopted children.

■ The rule is that the rights and status of an adopted person are determinable by laws in force at the death of the parent, rather than those in force at the time of the adoption. 1 C.J. p. 1400; 2 C.J.S., Adoption of Children, p. 453, § 63, b; Martinez v. Gutierrez, Tex.Com. App., 66 S.W.2d 678; Eck v. Eck, Tex. Civ.App., 145 S.W.2d 231; In re Rasmussen's Estate, 114 Minn. 324, 131 N.W. 325, 35 L.R.A.,N.S., 216.

The repealed Art. 43 did not at any time have any application to appellant, since the contingency of its application— that is, the death of the adoptant, Fred Hoch—had not occurred at the time of the repeal of that statute. It seems obvious, then, that the provisions of Art. 46a are inclusive of all the rights, and fix the status, of appellant, and that the repealed Act has no application and can be given no effect. It cannot be rationally contended that Art. 46a established the rights of appellant as a legal heir, but did not otherwise affect his status.

■ It is provided in Subdivision 5 of Art. 3357, supra, that, in such cases as this, letters of administration shall be granted "to the next of kin of the deceased." Appellee contends that, under the facts, he, as the blood brother of the decedent, is next of kin within the contemplation of Subd. 5, while appellant contends that he, as the adopted and only child of the decedent, is such next of kin, and each party contends that he, therefore, is entitled to appointment thereunder. The question is, apparently, one of first impression in this State. We have reached the firm conclusion that appellant, as the adopted son, has the superior right to the appointment.

It is true, of course, that a natural born son of a parent dying intestate is entitled to appointment as administrator of the decedent by virtue of being the next of kin, under the provisions of Subdivision 5, of Art. 3357. This being so, we conclude as a necessary corollary that since the Legislature has declared that an adopted child shall be "deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock," such declaration conclusively implies the right of the adopted child, as next of kin, to administer his adoptive parents' estate, as if he had been "born of them in lawful wedlock." Our courts have no power to write into the statute an exception that an adopted child shall not be deemed next of kin to his parent, and shall therefore be denied the right of administration inuring to one "born in lawful wedlock."

The record shows that appellant, Frederick Hoch, was not twenty-one years of age at the time of the trial below, although he had previously had his disabilities removed, as provided by appropriate statute, Art. 5921 et seq., R.S.1925, and appellee raises the question of appellant's qualifications to act as administrator, in view of the prohibition in Art. 3353, that no one shall be qualified to so act unless he is twenty-one years of age. But since this judgment must be reversed upon the basic error discussed above, and in view of the probability that appellant will reach the age of twenty-one years before final mandate issues in this appeal, we need not definitely decide this question.

The judgment is reversed and the cause remanded for further proceedings in consonance with the principal holdings herein.

On Appellees' Motions for Rehearing.

On their motions for rehearing appellees insist, with some reason, that notwithstand-

ing the decision that by reason of his adoption appellant took the status of next of kin of his deceased adoptive parent and was thereby entitled to appointment as administrator and in the alternative to nominate another of his choice for administrator, yet, in order to reverse, it is necessary for this Court to further find that notwithstanding his non-age appellant was entitled to administer, or could nominate a non-resident of the County to administer in his stead; that if either of the three grounds relied on by appellant was untenable, the order sustaining the general demurrer to his opposition must be upheld and the judgment affirmed, regardless of our holding on the first ground. These contentions present a question of procedure.

█ The question of appellant's disqualification by reason of non-age has become moot in the case, because he has already reached the age of twenty-one years, and under our original holding is undoubtedly entitled over all others to appointment as administrator of his adoptive parent's estate; and, in the alternative, to renounce that right in favor of any qualified person.

This brings us to the final question of whether appellant's nominee, admittedly a non-resident of the county in which this proceeding originated, is eligible for such appointment. We think she was eligible. The applicable statute provides that: "The * * * heirs or any one of the heirs of the deceased, to the exclusion of any person not equally entitled, may * * * renounce his right to the administration in favor of some other qualified person, and thereupon the court may grant letters to such other person." Art. 3359, R. S. 1925.

█ By necessary implication, "some other qualified person," as used here, means any other person not disqualified, and under the law the only persons disqualified from receiving letters of administration are those who are "of unsound mind or who is under twenty-one years of age." Art. 3353, R.S.1925.

██ Appellees contend that such nominee was disqualified under the provisions of Art. 3357, R.S.1925. We are of the opinion, however, that this statute has no application to a nominee of a person entitled under Art. 3359 to name an administrator of an estate inherited by him. The first six subdivisions of Art. 3357 prescribe the order in which members of the classes therein indicated, all having an interest in the estate, shall have the right of appointment as administrator, and if there be none who have an interest in the estate, then, and only then "any person of good character residing in the county" subd. 7 may be appointed. The whole effect of Art. 3357 is to provide that persons interested in an estate shall have prior right of appointment in the order of their respective interests as therein prescribed, and if there be no person having an interest, then, in the alternative, a resident stranger of good character may be appointed.

The provision in Art. 3359, that an heir may renounce his right to appointment in favor of any qualified person, imposes no such restriction as to the residence of the nominee. The only restriction upon the nominee is that he must be qualified, and the only statutory restriction upon qualification is that fixed, by necessary implication, in Art. 3353, to-wit, that he must be of sound mind and full age.

The policy of the law is to entrust to those directly interested in an estate the right to designate who shall administer it; for example, a testator may name an executor without regard to residence, and by the same token, as well as in plain terms, Art. 3359 gives the heir of an estate the power to yield his right to administer to any other qualified person of his choice, without reference to residence.

To sum up, appellant, next of kin by reason of adoption, is the sole heir of the estate of his intestate adoptive parent; being next of kin he had prior right to appointment as administrator of that estate, at least upon reaching the age of twenty-one; and when entitled to appointment by reason of heirship he was given the right under Art. 3359 to renounce that right in favor of his foster mother, even though she was not a resident of the county.

If, as appellees contend, appellant was disqualified by reason of non-age at the time judgment was rendered below, and therefore had no power to renounce and nominate another, then the trial court did not err in sustaining the general demurrer to appellant's opposition, and but for the fact that the question of appellant's disability has become moot, the judgment should probably be affirmed. We conclude, in this situation, and in view of reversal generally, that the costs of appeal should be taxed against appellant, and it will be

so ordered. With that qualification appellees' first and second motions for rehearing are overruled. The opinion on the first rehearing will be withdrawn and this substituted therefor.