HENRY HOCH ET AL V. FREDERICK HOCH ET AL.

No. 8007. Decided January 27, 1943.
Rehearing overruled March 3, 1943.
(168 S. W., 2d Series, 638.)

476

E. M. Grimes, of Taylor, for petitioner.

It was error for the Court of Civil Appeals to hold that Frederick Hoch, by reason of his adoption, took the status of next of kin of the deceased adoptive parent and was thereby entitled to appointment as administrator, or in the alternate, to nominate another of his choice for administrator. Eckford v. Knox, 67 Texas 200, 2 S. W. 272; Taylor v. Deseve, 81 Texas 246, 16 S. W. 1008; Harle v. Harle, 109 Texas 214, 204 S. W. 317.

*W. R. Herring,* of Dallas, and *John Q. Adams,* of Harlingen, for respondents.

Frederick Hoch, the duly and legally adopted child, was the next of kin to his deceased adopted father and entitled to administer the estate of his adoptive parent under Article 3357, sec. 5, R. S. 1925, the adoptive parent having died subsequent to the repeal of Articles 42 and 46, R. S. 1925, and the enactment of Article 46a and 46b, of the statutes. Martinez v. Gutierrez, 66 S. W. (2d) 878; Eck v. Eck, 145 S. W. (2d) 231; 1 C. J. 1400.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an appeal in a probate proceeding. It involves the question as to who, under our probate statutes, is entitled to be appointed administrator of the estate of Fred Hoch, deceased. The case was first tried in the county court, with Henry Hoch, a blood brother of the deceased, applying to be appointed. Frederick Hoch, the adopted son of the deceased, and his sole heir at law, waived any right he had to be appointed in favor of his adoptive mother, Mrs. Lillian Berry, and the two parties last mentioned contested the appointment of Henry Hoch, and petitioned the court to appoint Mrs. Berry. John C. Myrick was appointed temporary administrator ,and duly qualified as such F. E. Holman resisted the appointment of a temporary administrator, and asked for the appointment of himself, should Henry Hoch not be appointed. On final trial in the county court Henry Hoch was appointed. Frederick Hoch and Mrs. Berry appealed to the district court of Cameron County. On final trial in that court Henry Hoch was again appointed, and Frederick Hoch and Mrs. Berry appealed to the Court of Civil Appeals at San Antonio. That court reversed the judgment of the district court and remanded this case for new trial in consonance with its opinion. The opinion of the Court of Civil Appeals, in effect, holds that Frederick Hoch has the right to

designate Mrs. Berry as administratrix. 162 S. W. (2d) 433. Henry Hoch and F. E. Holman bring error.

Before proceeding further we deem it necessary to state the salient facts of this record. Fred Hoch died intestate in Cameron County, Texas, on the 23rd day of October, 1940, leaving an estate consisting of real and personal property located in such county. During the year 1921, and for several years prior thereto, and until 1925 thereafter, Fred Hoch and Lillian Hoch were husband and wife. No child was born to such marriage, and no child was ever born to Fred Hoch. In 1935 Fred and Lilliam Hoch were divorced. She appears in this case as Mrs. Lillian Berry. In 1921 Fred and Lillian Hoch duly adopted Frederick Hoch, then an infant. Under such a record Frederick Hoch appears in this case as the sole heir at law of Fred Hoch, deceased.

At the time, 1921, when Fred and Lillian Hoch adopted Frederick Hoch, Title 1, Articles 1 to 8, inclusive, R. C. S. 1911, as amended by Ch. 62, p. 115, Acts 3rd C. S., 36th Leg. 1920, was in force, and constituted the adoption statutes of this State. Generally speaking, such statutes provided a very simple way in which one person could adopt another person as his heir. Article 1, R. C. S. 1911, in force at the time of this adoption, provided that any person could adopt another person as his legal heir, (The person adopted did not have to be a minor), by simply filing a certain character of instrument in the office of the county clerk of his residence. Article 2 of the same codification, also in force at the time of his adoption, provided, in effect, that the person adopted under Article 1, supra, should be entitled to all of the rights and privileges, both in law and in equity, of a legal heir of the party adopting him, provided, etc. Then follow the provisions not pertinent here. The Act of the 36th Legislature, 1920, supra, amends Articles 3 and 4 of the statutes of 1911, but such amendements are not important here.

There was nothing contained in any of our statutes in force at the time Frederick Hoch was adopted by Fred Hoch which would entitle Frederick Hoch to the preferential statutory right to be appointed administrator of this estate. Such statute did constitute Frederick Hoch, Fred Hoch's sole heir at law, there being no other child or children, or their descendants. Also such statutes gave Fred and DiLllian Hoch the right to the

care and custody of Frederick Hoch, and his estate, and charged them with his maintenance and support.

Henry Hoch, the blood brother of Fred Hoch, asserts his right to be appointed as administrator of Fred Hoch's estate under the provisions of Article 3357, Subdivision 5, R. C. S. 1925. Frederick Hoch ant Mrs. Berry assert the right of Mrs. Berry to such appointment under the statute just mentioned, coupled with and considered in the light of the provisions of Article 3359, R. C. S. 1925, and Section 9 of Chapter 177, Acts Reg. Ses., 42nd Leg. 1931, p. 302, carried as Section 9 of Article 46a, Vernon's Texas Statutes. At this point we deem it advisable to quote Article 3357, Section 5, Article 3359, and Section 9 of Article 46a.

"Art. 3357. *Letters granted in order*. Letters testamentary or of administration shall be granted to persons who are qualified to act, in the following order:

\*      \*      \*      \*\*      \*\*

"5. To the next of kin of the deceased, the nearest in the order of descent first, and so on."      •

\*      \*      \*      \*\*      \*\*

"Art. 3359. *May waive right*. The surviving husband or wife, or, if there be no such survivor the heirs or any one of the heirs of the deceased, to the exclusion of any person not equally entitled, may, in open court, or by power of attorney, duly authenticated and filed with the clerk of the county court of the county having jurisdiction of the estate, renounce his right to the administration in favor of some other qualified person, and thereupon the court may grant letters to such other person."

"Sec. 9. When a child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, provided, however, that nothing herein shall prevent such adopted child from inheriting from its natural parent; all adopted children shall inherit from the adopted as well as its natural parents. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock. Said child shall be entitled to proper education, sup-

port, maintenance, nurture and care from said parent or parents by adoption, and shall inherit from said parent or parents by adoption, and as the child of said parent or parents by adoption, as fully as though born to them in lawful wedlock; subject, however, to the provisions of this Act. Said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, and shall, as such adopting parent or parents, inherit from and as the parent or parents of said adopted child as fully as though the child had been born to them in lawful wedlock; provided, however; that upon the death of such adopted child, while unmarried and without issue of its body, all of its property, of whatsoever kind and nature, shall pass and descend to the adopting parent or parents, if living, but if such adopting parent or parents be not living, then all such property shall pass and descend to the next of kin of said adopting parent or parents according to the then law of descent and distribution, and not to the next of kin of such adopted child; and provided that, upon the death of such adopted child leaving surviving a husband or wife and child or children, or leaving surviving a husband or wife and no child or children, or leaving surviving a child or children and no husband or wife, then and in such event all property of whatsoever kind and nature of said adopted child shall pass and descend to said husband or wife and child or children or either of them as the case might be, according to the then law of descent and distribution; provided, further, that upon the death of a child of an adopted child without leaving a surviving father or mother, or husband or wife, or child or children, or a brother or brothers, or sister or sisters, all property of whatsoever kind of such deceased child of an adopted child shall pass and descend to the adopting parent or parents of such adopted child, if living, but if not living, then to the next of kin of such adopting parent or parents, according to the then law of descent and distribution, and not to the next of kin of such adopted child; provided, further, that if such adopting parent or parents shall have other children, both natural children and adopted children, then, in such event, the children by birth and adoption shall respectively inherit from and through each other as if all such children had been born in lawful wedlock of the same parents; provided, further, that nothing in this Act shall be construed so as to prevent or debar an adopted child from disposing of its property by Will according to the laws of this State; and finally provided, that the legal adoption of a child, according to

the laws of another State of the United States, residing in the State of Texas, shall be, in all respects, valid and binding as if the adoption had occurred in the State of Texas, insofar as the effect of the adoption and the rights of inheritance may be concerned as provided in this Act."

■ Since Fred Hoch died intestate, leaving no natural child or lineal descendants of such, and since Henry Hoch is his next of kin, within the meaning of Article 3357, Section 5, supra, he has the statutory preferential right to be appointed administrator of this estate, unless it can be said that Mrs. Berry, as the designee of Frederick Hoch, has such right. Mrs. Berry cannot have such right unless it can be said that Frederick Hoch would have had the preferential right of appointment if he had not renounced or waived the same in favor of Mrs. Berry. This is true because under the plain provisions of Article 3359, supra, no one can renounce his right of appointment in favor of another, unless he himself possesses such right. It follows that, in order to decide whether or not Mrs. Berry is entitled to be appointed, we must first decide whether Frederick Hoch would have had such right, had he not renounced the same in her favor.

■ If we properly understand the briefs and arguments filed by counsel for Fdererick Hoch and Mrs. Berry, they contend that Frederick Hoch has the right to be appointed administrator of this estate, under and by virtue of the provisions of Section 9 of Article 46a, Vernon's Texas Statutes, when considered with Article 3357 and 3359, supra. In this connection, it is contended that the first mentioned statute, by its terms and provisions, constitutes Frederick Hoch, for all lawful purposes, the son and heir of Fred Hoch, just as though he had been born to Fred Hoch in lawful wedlock. We are satisfied that had Frederick Hoch been adopted by Fred Hoch under this statute, its provisions, as between the adopted son and the adopting father, would, in law, have constituted such adopted son the son of the adopting father, just as though the adopted son had been born in lawful wedlock the natural son of the adopting father. This is the very plain intention of the statute under consideration. It intends, as to the children adopted under it, and, *as between the adopting parent and the adopted child,* to create a relation in law and in fact the same as exists under our laws between natural parent and natural child. At this point, however, we desire to call attention to the fact that we have placed emphasis on the phrase we have

used in this opinion, *as between the adopting parent and the adopted child.* To our minds, the statute purports to go no further, except in one particular. As to this particular, the statute states: *"Provided, further, that if such adopting parent or parents shall have other children, both natural children and adopted children, then, in such event, the children by birth and adoption shall respectively inherit from and through each other as if all such children had been born in lawful wedlock of the same parents."* In Eck v. Eck (Civ. App.), 145 S. W. (2d) 231 (Writ Dismissed Correct Judgment), the part of the above Act just quoted was held unconstitutional, because not contained in the caption or title. We agree with that decision.

■ When we come to examine our statute, Section 9 of Article 46a, supra, from its four corners, and when we construe such statute in the light of the subject matter of the legislation, and the end sought to be accomplished, we are convinced that the constitutional portion thereof can only be applied to "a child adopted in accordance with the provisions of this article, * * *," except in two particulars. These particulars are:

(a) The statute protects and preserves the heirship rights of a child adopted under former statutes. In this connection the statute provides, "all adopted children shall inherit from the adopted, as well as its natural parents."

(b) This statute applies to children residing in this State who have been adopted under the laws of another State of the United States.

■ We will not attempt an extended analysis of Section 9 of Article 46a, supra. It is sufficient for us to say that a careful reading thereof will dissclose that every part thereof, except in the two particulars above mentioned, is controlled and governed by the opening clause, "When a child is adopted in accordance with the provisions of this article," etc. Furthermore, we think we are giving this statute a very liberal construction in favor of Frederick Hoch, when we construe the provisions quoted under "a" above as preserving his heirship rights. We think, however, we should be liberal in this particular, as we should not construe a statute of this kind as intending to destroy rights of heirship accorded under adoption statutes as having been destroyed by a later statute, unless the later statute is susceptible of no other construction. In connection with the construction we have given our statute we call attention to

the fact that the part of our adoption statute under consideration here was largely copied from a Missouri act then in force in that state. The part of our statute under consideration here contains some provisions not contained in the Missouri act. In a well-considered opinion delivered after the enactment of our act, the Supreme Court of Missouri construed the act of that state as covering only adoptions thereunder. McIntyre v. Hardesty et al, 149 S. W. (2d) 334. We are aware of the fact that in enacting our act we did not adopt the construction by the Supreme Court of Missouri of its act, because such construction was given after our act was enacted; but since the principle of law involved in this case and the principle of law involved in the McIntyre case is the same, we cite that case to show that our decision is supported in principle by the decision of the court of last resort in Missouri.

Our decision on the question above discussed and decided makes it unnecessary for us to decide any other questions presented in this appeal. We therefore pretermit any decision thereof.

In this opinion we have stated that Fred and Lillian Hoch duly adopted Frederick Hoch in 1921. This fact is merely assumed for the purposes of this opinion. We do not here pass on the question as to the validity or invalidity of such adoption.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court affirmed.

Opinion delivered January 27, 1943.

Rehearing overruled March 3, 1943.