## SPAULDING v. MELCH.

### No. 11550.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 19, 1945.

Rehearing Denied Oct. 10, 1945.

Strickland, Ewers & Wilkins and Pat J. Howe, all of Mission, and Mann & Mann, of Laredo, for appellant.

Hill & Franki, of Mission, for appellee.

NORVELL, Justice.

The facts in this case are undisputed and are for the most part recited in the trial court's judgment. The court below held that the minors, Frederick Benjamin Spaulding and Martha Crawford Spauld-ing (who appear herein by Herbert R. Melch as next friend), the adopted children of Roger W. Spaulding and Ruth Wheeler Spaulding, were each entitled to a natural child's part of the estate of Roger W. Spaulding, deceased, "just as if said testator had left no will and just as if said adopted children had been natural born children of said testator born to him after the date of the making of said will, unless each of said adopted children should die before attaining the age of twenty-one years without being married."

Ruth Wheeler Spaulding, named as sole beneficiary and independent executrix in the last will and testament of Roger W. Spaulding, deceased, desires a legal decision as to the property rights in and to her deceased husband's estate, as between her and her adopted children, in order that proper administration of said estate may be had. Consequently she attacks the holding of the trial court above set out.

The facts of the case are:

Roger W. Spaulding and wife, Ruth Wheeler Spaulding, had no natural children. On March 23, 1931, Roger W. Spaulding made a last will in which his wife, Ruth Wheeler Spaulding, was named sole beneficiary and appointed independent executrix. No mention was made in this will of children who might thereafter be born to or adopted by the testator.

On October 29, 1932, Roger W. Spaulding and Ruth Wheeler Spaulding legally adopted the minor Frederick Benjamin Spaulding (who was born on February 18, 1932), in accordance with the provisions of Article 46a, Vernon's Ann.Civ.Stats., Acts 1931, 42d Leg. p. 300, Ch. 177, which became effective August 21, 1931.

On May 5, 1936, Martha Crawford Spaulding (who was born on May 25, 1935) was adopted by Mr. and Mrs. Roger W. Spaulding, in accordance with the provisions of said Article 46a.

Roger W. Spaulding died on October 17, 1944, and the will executed by him in 1931 was duly admitted to probate.

The statutory provisions involved in this litigation are:

"Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave his wife enceinte of a child which shall be born, shall have no effect during

the life of such after-born child, and shall be void. unless the child die without having been married and before he shall have attained the age of twenty-one years." Article 8293, Vernon's Ann.Civ.Stats.

"When a child is adopted in accordance with the provisions of this Article, * * *; all adopted children shall inherit from the adopted as well as its natural parents. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock. * * *" Article 46a, Section 9, Vernon's Ann.Civ.Stats.

■ We are of the opinion that the trial court correctly held that the will of Roger W. Spaulding was ineffective as to his minor adopted children, in view of the statutory mandate that adopted children shall be deemed and held to be, *for every purpose,* the same as natural children of their adoptive parents.

We think the matter settled by the opinions of this Court and the Supreme Court in Hoch v. Hoch, Tex.Civ.App., 162 S.W. 2d 433, 435, Id., 140 Tex. 475, 168 S.W.2d 638, 641.

The question involved in the Hoch case was whether or not Frederick Hoch, the adopted son of Fred Hoch, deceased, was entitled to administer his adoptive father's estate under the provisions of Art. 3357, Vernon's Ann.Civ.Stats., which provides that:

"Letters testamentary or of administration shall be granted to persons who are qualified to act, in the *following order:* * * * 5. To the next of kin of the deceased, the nearest in the order of descent first, and so on."

In writing the opinion for this Court, Chief Justice Smith said:

"It is true, of course, that a natural born son of a parent dying intestate is entitled to appointment as administrator of the decedent by virtue of being the next of kin, under the provisions of Subdivision 5, of Art. 3357. This being so, we conclude as a necessary corollary that since the Legislature has declared that an adopted child shall be 'deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock,' such declaration conclusively implies the right of the adopted child, as next of kin, to administer his adoptive parents' estate, as if he had been 'born of them in lawful wedlock.' "

The judgment of this Court was reversed by the Supreme Court upon the holding that Frederick Hoch was not entitled to the benefits of Article 46a, inasmuch as he had not been adopted in accordance with the provisions of said Article. However, the Supreme Court said:

"We are satisfied that had Frederick Hoch been adopted by Fred Hoch under this statute (Article 46a), its provisions, as between the adopted son and the adopting father, would, in law, have constituted such adopted son the son of the adopting father, just as though the adopted son had been born in lawful wedlock the natural son of the adopting father. This is the very plain intention of the statute under consideration. It intends, as to the children adopted under it, *and, as between the adopting parent and the adopted child,* to create a relation in law and in fact the same as exists under our laws between natural parent and natural child."

In our opinion, no valid distinction can be drawn between the effect of Article 46a, Section 9, operating in conjunction with Article 3357, Section 5, and the effect of said Article 46a, Section 9, operating in conjunction with Article 8293, which is here involved. If a person adopted in accordance with Article 46a is to be considered the same as a natural child under Article 3357, then he must also be considered as a natural child under Article 8293.

■ We further consider the Supreme Court's opinion in Hoch v. Hoch as being conclusive of the question of the constitutionality of that part of Article 46a, Section 9, here involved. Hoch v. Hoch, 140 Tex. 475, loc.cit. 481, 482, 168 S.W.2d 638, loc.cit. 641.

The judgment of the trial court is affirmed.