

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 24, 1951

Hon. Jack H. Drake
Executive Secretary
Texas Citrus Commission
Weslaco, Texas

Opinion No. V-1253

Re: Constitutionality of Subdivision (15), Section 2 of Article III, H.B. 426, Acts 52nd Leg. (1951) dealing with the purchase and sale of certain passenger carrying motor vehicles.

Dear Sir:

You have requested an opinion of this office on the constitutionality of two provisions relating to State-owned automobiles in House Bill 426, the general appropriation bill for the biennium ending August 31, 1953, as follows:

1. Is the provision prohibiting purchase of motor-propelled passenger-carrying vehicles with funds appropriated by the bill constitutional?

2. Is the provision declaring such presently owned vehicles no longer needed and requiring their sale and disposal constitutional?

Hon. George W. Cox, State Health Officer; Hon. C. E. Belk, Administrator of the Texas State Board of Plumbing Examiners; Hon. H. A. Beckwith, Chairman of the Board of Water Engineers; Hon. Robert S. Calvert, Comptroller of Public Accounts; and Hon. Jesse James, State Treasurer, have pending in this office requests for opinions which relate to one or both of the same questions.

That part of House Bill 426 relevant to your inquiry is a rider in the general appropriation bill contained in subdivision (15), Section 2, Article III, as follows:

"All State-owned motor-propelled passenger-carrying vehicles under the control of any department, commission, board, or other State agency are hereby declared to be no longer needed. Such motor-propelled passenger-carrying vehicles shall be sold in compliance with and as provided for in Article 666, Revised Civil Statutes of Texas, as amended, or otherwise as provided by law, not later than October 1, 1951. No

motor-propelled passenger-carrying vehicle may be
purchased with any of the funds appropriated in this
Article, provided, however, that these provisions of
this Section in regard to the sale and purchase of
motor-propelled passenger-carrying vehicles shall
not apply to the Executive Department, State Highway
Department, Department of Public Safety, Game, Fish
and Oyster Commission and the Railroad Commission,
provided that the Railroad Commission shall only keep
and have in its possession not to exceed twenty (20)
motor-propelled passenger-carrying vehicles and the
Texas Prison System shall only keep and have in its
possession those vehicles equipped with two-way radios.
Notices shall be given in writing to persons now using
said vehicles of the time and place they are going to be
sold in order that such persons may have an opportu-
nity to bid on said motor-propelled passenger-carrying
vehicles."

The constitutional provision which controls the valid-
ity of the rider is Section 35 of Article III of the Texas Constitu-
tion, which provides:

"No bill, (except general appropriation bills, which
may embrace the various subjects and accounts, for and
on account of which moneys are appropriated) shall con-
tain more than one subject, which shall be expressed in
its title. But if any subject shall be embraced in an act,
which shall not be expressed in the title, such act shall
be void only as to so much thereof, as shall not be so ex-
pressed."

The Supreme Court, in Stone v. Brown, 54 Tex. 330, 342
(1881), asserted that the principal object of this provision

" . . . is to advise the legislature and the people of the
nature of each particular bill, so as to prevent the in-
sertion of obnoxious clauses, which otherwise might
be engrafted thereupon and become the law; and also to
prevent combinations, whereby would be concentrated
the votes of the friends of different measures, none of
which could pass singly; thus causing each bill to stand
on its own merits."

With specific reference to the reason for this type of
constitutional limitation in the case of appropriation bills, the Su-
preme Court of Oregon said:

"The evident purpose of this provision was to
prevent matters foreign to the general purpose of ap-
propriation bills being attached to them as riders,
thereby taking advantage of the necessity of the state
for money to defray its current expenses and to pay
its officers to pass measures that perhaps would
otherwise have been defeated." Evanhoff v. State In-
dustrial Accident Commission, 154 Pac. 106, 111 (1915).

In dealing with Section 35 of Article III a rule of lib-
eral interpretation has always been applied. The tendency of the
decisions is to construe the constitutional provisions on this sub-
ject literally rather than to embarrass legislation by a construc-
tion whose strictness is unnecessary to the accomplishment of
the beneficial purpose for which it was adopted.[1]  But at the same
time the Court has been careful to point out, as was originally
done by Chief Justice Hemphill in Cannon v. Hemphill, 7 Tex. 208
(1851), that this provision cannot be ignored and thus nullified.

With reference to general appropriation bills, the Su-
preme Court of Texas has held that "the appropriating of funds to
be paid from the State Treasury is a 'subject' within the meaning
of Article III, Section 35, of our Constitution."[2]  It is clear from
the terms of the constitutional provision that general appropria-
tion bills may contain more than one subject of this same nature,
i.e., appropriations for the various departments and accounts.
The exception of general appropriation bills from the constitu-
tional prohibition against bills containing more than one subject
is a limited and restricted exception. The exact wording is

"  . . . except general appropriation bills, which may
embrace the various subjects and accounts, for and
on account of which moneys are to be appropriated
. . ."

As long as a general appropriation bill includes only
subjects of appropriating money and limiting the use thereof in
harmony with general legislation, it may relate to any number of
different "subjects and accounts." In such instances all of the
subjects are under the one general object and purpose of appro-
priating funds from the treasury. The obvious purpose of this
limited exception was to make certain that appropriations to more
than one department in the same bill would not be prohibited. In

---

1  Giddings v. San Antonio, 47 Tex. 548 (1877); Dellinger v.
State, 28 S.W.2d 537 (Tex. Crim. App. 1930).
2  Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946).

all other respects general appropriation bills are subject to the same prohibition as all other bills against containing more than one subject. The result is that general legislation cannot be embodied within a general appropriation bill. Moore v. Sheppard, supra.

This does not mean that a general appropriation bill may not contain general provisions and details limiting and restricting the use of the funds therein appropriated, if such provisions are necessarily connected with and incidental to the appropriation and use of the funds and if they do not conflict with or amount to general legislation. Conley v. Daughters of the Republic, 106 Tex. 80, 156 S.W. 197 (1913).

With special regard to what incidental provisions may be included within a general appropriation bill, our Texas courts have not stated a general rule. However, from statements as to what may not be included and from numerous opinions of the Attorney General, we believe the rule may be stated generally as follows: In addition to appropriating money and stipulating the amount, manner, and purpose of the various items of expenditure, a general appropriation bill may contain any provisions or riders which detail, limit, or restrict the use of the funds or otherwise insure that the money is spent for the required activity for which it is therein appropriated, if the provisions or riders are necessarily connected with and incidental to the appropriation and use of the funds, and provided they do not conflict with general legislation. See Linden v. Finley, 92 Tex. 451, 49 S.W. 578 (1899) and Conley v. Daughters of the Republic, supra. An extended discussion of this rule will be found in an opinion of the Attorney General now being written to the Governor on the general subject of riders in a general appropriation bill.

Applying the above rule to your first question, it is obvious that that part of the rider which provides that "No motor-propelled passenger-carrying vehicle may be purchased with any of the funds appropriated in this article" is a mere limitation and restriction upon the use of the money appropriated by House Bill 426. It is necessarily connected with and incidental to the appropriation and is not an additional subject of general legislation. We have found no general statute with which it conflicts. Therefore, it is valid.

Applying the same rule to your second question and that part of the rider which declares certain State-owned passenger vehicles to be no longer needed and requires that they shall be sold, we find no basis for its validity in a general appropriation bill. It does not detail, limit or restrict the use of funds therein appropriated or otherwise insure that appropriated money will be

spent for the purpose intended. It is not incidental to any appropriation in the Act. Obviously, it deals with a subject other than money appropriations. It attempts to do more than appropriate money and is therefore a subject of general legislation[3] which cannot be constitutionally enacted in a general appropriation bill. Moore v. Sheppard, supra; Att'y Gen. Op. No. O-445 (1939).

If the Legislature can order the sale of State-owned automobiles in a general appropriation bill rider, it can by the same means order the sale of State office buildings, public school lands, or any other State-owned property. The very statement of the proposition demonstrates that sale of State property is a subject of general legislation separate from and unrelated to the general appropriation of money to operate the State agencies. It is a subject which should have the full consideration, opportunity for public notice and hearings, and opportunity for amendment or rejection afforded general legislation but usually denied to subjects incorporated as riders in a general appropriation bill.

The provision for the sale of the State-owned vehicles is also invalid because in violation of that portion of Section 35 of Article III of the Texas Constitution which states that the subject of a bill ". . . shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

There is nothing whatever in the caption or title of House Bill 426 which could be construed to cover the provision or to put a legislator or the public on notice that the bill contained a requirement that certain State-owned passenger cars were to be sold. The title is long, but we have searched it carefully. The only mention of any subject contained in subdivision (15) is the phrase "providing certain limitations on the purchase of passenger motor vehicles."[4] This adequately covers and gives notice of the prohibition against purchasing new cars, but it cannot be said to do so with reference to the sale of presently owned passenger cars.

The rule governing narrow title provisions is well stated in 50 American Jurisprudence 162, Statutes, Section 183, as follows:

---

3 It is significant in this connection that a separate bill (H.B. 271) with provisions similar to those of subdivision (15) was introduced and passed the House, but failed to pass in the Senate.
4 Emphasis added throughout.

" . . . Under these rules, if a title is narrow and restricted, carving out for treatment only a part of a general subject, the legislation under it must be confined within the same limits, even though the Legislature might, with propriety, have selected a more comprehensive title which would have embraced the entire subject of legislation. "

The Supreme Court of Texas has uniformly held that acts broad in scope, but with narrow and restricted titles, are in violation of Section 35 of Article III. In Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799 (1925), the Supreme Court said:

"The caption is not content to state a purpose to amend certain statutes, but proceeds to specify the nature of the proposed amendment. Thus the caption declares that the amendment consists of a provision authorizing the wife, on order of the district court, to convey her separate real estate, bonds, and stocks without joinder by her husband, when he is insane or has permanently abandoned his wife. This language not only gives no notice of an intention to change the status of certain property from community property to the wife's separate property, but completely disguises any such intention. A caption concealing the true purpose of a statute, and stating an altogether distinct and foreign purpose, is necessarily deceptive, and cannot be sustained as complying with section 35 of article 3 of the Constitution. Ward Cattle & Pasture Co. v. Carpenter, 109 Tex. 105, 200 S.W. 521."

An earlier case striking down a portion of a statute because of a narrow caption was Adams v. San Angelo Waterworks Company, 86 Tex. 485, 25 S.W. 605 (1894). Therein the Supreme Court said:

" . . . The first section of the act in question grants to any incorporated city or town the power to condemn property 'for the construction of water mains or supply reservoirs or standpipes for waterworks, as well as for certain other purposes, and provides that 'any company or corporation chartered under the laws of this state for the purpose of constructing waterworks, or furnishing water supply for any town or city, shall have the same right to condemn property necessary for the construction of supply reservoirs or standpipes for waterworks when deemed necessary to preserve the public health, that is given towns and cities under this act.' The title of the act is as follows:

155

'An act to amend an act to regulate the condemnation of property in cities and towns, for the purpose of opening, widening or changing public streets or avenues or alleys, or for water mains or sewers, approved March 28, 1883. . . .'

The caption being restricted to condemnation for water mains or sewers and other specified purposes, the portion of the body of the act allowing condemnation for reservoirs and standpipes was held to violate the caption requirements of Article III, Section 35.

The above cases, along with Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945); Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638 (1943); Ward Cattle and Pasture Company v. Carpenter, 109 Tex. 103, 200 S.W. 521 (1918); Gulf Production Company v. Garrett, 119 Tex. 72, 24 S.W.2d 389 (1930); and Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W. 2d 235 (Tex. Comm. App. 1933), all support the proposition that if the title is narrow, then the portions of the act broader than the title are invalid because the narrow title is deceptive and misleading.

Here we have a caption saying with reference to passenger automobiles only that the Act provides "certain limitations on the purchase of passenger motor vehicles," but the body of the bill actually contains in addition to limitations on the purchase of cars the further provision that, with certain exceptions, all State-owned passenger vehicles shall be sold. As stated in Gulf Insurance Co. v. James, supra, " . . . the title to the act, as drawn, [is] capable of misleading those interested in the bill." The title to the act being narrowed to regulations governing the purchase of motor vehicles, that portion of the body which attempts to provide for the sale of certain State-owned motor vehicles is invalid.

## SUMMARY

That portion of subd. (15), Sec. 2, Art. III, H.B. 426, Acts 52nd Leg. (1951), a rider in the general appropriation bill, requiring the sale of certain State-owned "motor-propelled passenger-carrying" vehicles, is invalid because it is a subject of general legislation and cannot be constitutionally enacted in a general appropriation bill. In this respect it violates Sec. 35 of Art. III of the Texas Constitution. The rider is also invalid because it is not covered by the caption or title of the Act, the title being restricted to "purchase" of new cars and making no mention of "sale" of presently owned automobiles.

That portion of the general appropriation bill rider which prohibits the purchase of new automobiles out of funds therein appropriated is a mere limitation and restriction upon the use of the money. Since it is incidental to the appropriation and is not an additional subject of general legislation, this provision does not violate Sec. 35, Art. III of the Texas Constitution and is therefore valid.

Yours very truly,

Price Daniel

Attorney General

E. Jacobson

E. Wayne Thode

Assistants

PD:b:mwb