

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 15, 1957

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-195

Re: Proper classification
for inheritance tax
purposes of adoptive
parent of decedent
adopted in 1925

Dear Mr. Calvert:

     We quote the following excerpt from your letter
requesting an opinion of this office on the above-captioned
matter:

     "William Isaac Silveus died testate
March 25, 1956, a resident of Bexar County,
and under the terms of his last will and
testament, he devised all of his estate
to his mother who had legally adopted him
in Bexar County on February 2, 1925.

     "We kindly ask that you advise this
Department the proper classification as to
the exemption and rates of tax when calcu-
lating the tax due against the bequest to
the adopting mother."

     If the adoptive parent cannot be given Class A
classification under Article 7118, Vernon's Civil Statutes,
she must necessarily be classified under Class E - Article
7122, V.C.S.

     Article 7118 - Class A, provides, in part, as follows:

     "If passing to or for the use of
husband or wife, or any direct lineal
descendant of husband or wife, or any
direct lineal descendant or ascendant
of the decedent, or to legally adopted
child or children, or any direct lineal
descendant of adopted child or children
of the decedent, or to the husband of a
daughter, or the wife of a son, the tax
shall be . . ."

It is evident that the surviving adoptive parent does not come within any of the Class A classifications. Legally adopted children and their direct lineal descendants have been given a favorable classification as to property which they receive from their adoptive parents. However, Article 7118 makes no provision for adoptive parents receiving property from legally adopted children.

Under the adoption statute in effect at the time the decedent in this case was adopted, the decedent became entitled to all the rights and privileges of a legal heir of the party adopting him with a possible limitation not material here. Art. 2, R.C.S. (1911); codified as Art. 43, R.C.S.(1925). In State v. Yturria, 109 Tex. 220, 204 S.W. 315, (1918), the court held that the decedent's legally adopted children (adopted under the same statutory procedure followed in the instant case) came within the exemption then provided for "direct lineal descendants of the testator." Art. 7487, R.C.S. (1911). The court reasoned that since the adopted children had all the rights and privileges of legal heirs, they were entitled to the same privileges as natural born children for inheritance tax purposes. That reasoning cannot be applied in this case because the rights and privileges were confined by the adoption statute to the adopted person.

Section 9 of Article 46a, V.C.S., accords the same rights of inheritance to a person adopted under its provisions as to a natural legitimate child. It can have no application here since the decedent was not adopted under its provisions. Cf. Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638.

### SUMMARY

The adoptive parent of a decedent adopted in 1925 must be classified under Article 7122, Class E, V.C.S., for inheritance tax purposes.

MMP:gs

APPROVED

OPINION COMMITTEE
H. Grady Chandler, Chairman

C. K. Richards

John Lennan

Marvin Thomas

Yours very truly,

WILL WILSON
Attorney General

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant