818 S.W.2d 929 (1991)
B.C.S., Appellant,
v.
D.A.E., M.M.E., S.R.M., and Peggy Schmeltz, Appellees.
No. 09-90-243 CV.
Court of Appeals of Texas, Beaumont.
November 7, 1991.
Rehearing Denied November 21, 1991.
Neal J. Iverson, Dayton, for appellant.
Angela A. Zbranek, Zeb D. Zbranek, Hight, Baker & Zbranek, P.C, Kenneth Strahan, Liberty, Mike Fielder, Dayton, for appellees.
Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION
BURGESS, Justice.
This appeal arises out of a determination of the heirship of a deceased minor. The sole point of error avers the trial court erred by ruling that certain minors are the heirs of their natural half-sister after they have been adopted by others.
Appellees D.A.E. and M.M.E. were born during the first marriage of Peggy Schmeltz. The parental rights of both parents were terminated in an adoption decree on September 22,1977. This marriage ended in divorce a few weeks later. The children of Mrs. Schmeltz' second marriage were appellee S.R.M. and B.N.M. B.N.M., the decedent, was born March 20, 1979. A second divorce and third marriage were followed by the birth of appellant B.C.S. in 1982. B.N.M. died in an automobile accident September 16, 1984.
Appellant argues the termination and adoption of D.A.E. and M.M.E. precludes the existence of a sibling relationship acknowledgeable under the heirship provisions of the Probate Code. The trial court ruled that D.A.E. and M.M.E. were B.N.M.'s siblings of the half blood and therefore her heirs. We will affirm.
Where the decedent died intestate without issue, her estate passes one-half to her surviving parent, here Peggy Schmeltz, and one-half to her siblings. Tex.Prob. Code Ann. § 38(a) (Vernon 1980). Heirs of the half blood take one-half as much as heirs of the whole blood. Tex.Prob.Code Ann. § 41(b) (Vernon 1980).
Adoption did not exist at common law and is a purely statutory proceeding. Grant v. Marshall, 154 Tex. 531, 280 S.W.2d 559 (1955). Before enactment of the Family Code, an adopted child's status *930 as to all persons other than the adoptive parents, was the same as it would have been had no adoption occurred. Cutrer v. Cutrer, 162 Tex. 166, 345 S.W.2d 513 (1961); Hock v. Hoch, 140 Tex. 475, 168 S.W.2d 638 (1943). The Family Code provides that upon entry of an adoption decree, the parent-child relationship exists between the adopted child and adopted parents as if the child were born to them. Tex.Fam.Code Ann. § 16.09 (Vernon Supp. 1991). A termination decree divests the natural parents and the child of all legal rights, privileges, duties, and powers, with respect to each other, except that the child retains the right to inherit from and through the divested parent unless the court otherwise provides. Tex.Fam.Code Ann. § 15.07 (Vernon Supp.1991).
Although section 15.07 provides that an adopted child will still inherit through the divested parent, appellant argues that Tex. Prob.Code Ann. § 38(a)(2) (Vernon 1980) provides for a direct descent to the siblings. Appellant argues the legal relationship of parent and child must exist before a legal sibling relationship may exist, so that since Mrs. Schmeltz was no longer D.A.E. and M.M.E.'s parent when B.N.M. was born, B.N.M. is not D.A.E. and M.M.E.'s sister.
If a statute deprives a person of a common-law right, the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview. Dutcher v. Owens, 647 S.W.2d 948 (Tex.1983). In the absence of any statute, a sibling relationship would exist as legal as well as biological fact. The Legislature has seen fit to create a general rule that an adopted child may inherit not only from the natural parent but also through the natural parent. The common law in existence when the Family Code was drafted provided that all legal relationships other than between the divested parent and adopted child would continue as if the adoption never occurred. Had the Legislature intended to prevent an adopted child from inheriting from the other children of the natural parent, it would have said so. This court is reluctant to act to limit rights of inheritance where the Legislature has declined to alter the law as it existed when the statutory scheme was devised. The Family Code increases the rights of the adopted rather than restricts them. The trial court did not err in determining that D.A.E. and M.M.E. are heirs of B.N.M. Point of error one is overruled and the judgment of the trial court affirmed.
AFFIRMED.