### DECKER et al. v. WILLIAMS.
### No. 9741.

Court of Civil Appeals of Texas. Austin.

Nov. 24, 1948.

Rehearing Denied Dec. 15, 1948.

Price Daniel, Atty. Gen., of Texas, and W. V. Geppert and Marietta Creel, Asst. Attys. Gen., for appellants.

Henry C. Kyle, of San Marcos and Blair, Kendall & Randle, of Austin, for appellee.

McCLENDON, Chief Justice.

This is an inheritance tax suit, brought under the Uniform Declaratory Judgment Act, Art. 2524—1, Vernon's Ann.Civ.St. by the executor of the will of Dr. Williams (W. C. Williams, deceased) against the officials (County Judge of Hays County, and State Comptroller) to determine the classification, whether Class A, Art. 7118, or Class E, Art. 7122, V.A.C.S.), of 1, Mrs. Tarbutton (Myrtle Williams Tarbutton, the daughter of a sister of Dr. Williams's deceased wife, Myrtle M. Williams, and a legally adopted daughter of the latter) and 2, her two children, Ann (Ann Tarbutton)

and William (William Tarbutton III), as beneficiaries under Dr. Williams's will. The trial court's judgment decreed that Mrs. Tarbutton and each of the children fell in Class A. The officials have appealed.

Dr. Williams and his wife, Myrtle, were married some years prior to 1928. She died January 12, 1945. Neither spouse ever had any natural child. October 18, 1945, Dr. Williams married Mae Rector Williams, who survived him. June 15, 1928, Mrs. Myrtle M. Williams executed an instrument adopting Mrs. Tarbutton (then Myrtle Penn, seven years old), in which Dr. Williams joined pro forma only, the instrument reciting that he "joins herein for the purpose of consenting to and approving the adoption of the minor, Myrtle Penn, by his said wife, but it is expressly understood that the adoption hereby is the act only of the said Mrs. Myrtle M. Williams and does not affect the estate of W. C. Williams, her husband, who joins herein only for the purpose of giving validity to the act of the said Mrs. Myrtle M. Williams, if his consent and joinder be necessary." At the same time Mrs. Carrie Penn, "a widow and mother of said minor," executed an instrument, "in consideration of said adoption," transferring her parental authority and custody over the minor to Mrs. Williams and surrendering to her "full authority and custody over said child." Both instruments were recorded June 5, 1928.

Based upon the following considerations, we have reached the conclusion that the trial court correctly placed Mrs. Tarbutton in Class A; but that her two children fall in Class E.

The original Texas inheritance tax law, passed in 1907, Art. 7487, R.C.S.1911, levied a tax upon all property in Texas passing by will "to or for the use of any person except the father, mother, husband, wife or direct lineal descendants of the testator". In State v. Yturria, 109 Tex. 220, 204 S.W. 315, 316, L.R.A.1918F, 1079, decided in 1918, it was held (Mr. Justice Greenwood writing) that although an adopted child was not a "direct lineal descendant" of the adopter, yet "as it was the privilege of a child of Daniel (Francisco) Yturria, under Article 7487, to have property within the jurisdiction of this state pass to him, by will or descent, without payment of an inheritance tax, and as the persons adopted by Daniel (Francisco) Yturria were entitled, by the plain terms of Article 2 (R.S.1911, which provided that the party adopted should have all the rights and privileges of a legal heir of the party adopting him) to the same privilege, it follows that Daniel Yturria and Ysabel Garcia were privileged to take the property devised to them by their adopter, without payment of the inheritance tax * * *. But we do not feel warranted in extending to others the rights and privileges, which are confined by the adoption statute to the adopted persons, and therefore conclude that the property devised to the children of the persons adopted by Francisco Yturria was subject to the payment of the inheritance tax." In 1923 the inheritance tax statute was amended classifying all beneficiaries of estates in Texas passing by will or inheritance and providing for certain exemptions and graduated rates of taxation. Class A the preferred class, carried forward in the 1925 codification as Art. 7118, provided that:

"If passing to or for the use of husband or wife, or any direct lineal descendant or ascendant of the decedent, or to legally adopted child or children, or to the husband of a daughter or the wife of a son, the tax shall be one per cent on any value in excess of twenty-five thousand dollars, * * *."

In 1931 the then existing adoption statutes were repealed in toto, and a new adoption law enacted, S.B. 383, Chap. 177, p. 300, Laws Reg.Sess. 42nd Leg., Art. 46a, V.A.C.S., under which a proceeding in court was required. The pertinent provisions of this amendment will be noted later.

In 1935, the above portion of Art. 7118 was amended to read:

"If passing to or for the use of husband or wife, *or any direct lineal descendant of husband or wife,* or any direct lineal descendant or ascendant of the decedent, or to legally adopted child or children, *or any direct lineal descendant of adopted child or children of the decedent,* or to the husband

of a daughter, or the wife of a son, the tax shall be one (1) per cent on any value in excess of Twenty-five Thousand Dollars ($25,000) * * *." (Italics ours to indicate wording added by 1935 amendment.)

It seems plain to us that Mrs. Tarbutton is included in Class A, as amended in 1935, independently of the adoption amendment of 1931. The phrase, "direct lineal descendant," therein applied to "husband or wife" must of necessity be given the same meaning that this phrase was given when applied to the testator in the prior act as interpreted in the Yturria case. Appellants contend, however, that "husband or wife" in this phrase means surviving husband or wife. Obviously the only possible meaning of these words in the clause, "passing to or for the use of husband or wife," is surviving spouse. But the same words in the clause, "to the husband of a daughter, or the wife of a son," were interpreted to include the surviving spouse of a deceased daughter or son, for reasons stated in Lewis v. O'Hair, Tex.Civ.App., 130 S.W.2d 379. And this, even though the affinal relation between the testator and such surviving spouse had been broken by the prior death of the daughter or son.

We find no reasonable basis for limiting the classification here in issue to direct lineal descendants of a surviving spouse. The reasons are just as cogent for inclusion of lineal descendants of a deceased spouse. The reasoning of the O'Hair case is applicable here. An analogous situation was presented in American General Ins. Co. v. Richardson, Tex.Civ. App., 132 S.W.2d 161, Error Ref., wherein the O'Hair case was cited. No analogy, however, is presented in the case of a divorced spouse. Johnson v. Davis, Tex. Civ.App., 198 S.W.2d 129, Error Ref. NRE.

As to the two children, we quote from appellee's reply to appellants' supplemental arguments: "But for the change made in the adoption laws of 1931, the bequests to the children of Mrs. Tarbutton are taxable at the rates argued by appellants." In this we agree. The quoted language of the 1935 amendment to Art. 7118 is plain and unambiguous, and excludes under the Yturria holding the children of an adopted child of the testator's spouse (living or dead). Resort may not be had therefore to the caption or emergency clause of the act to limit or enlarge its meaning.

The pertinent provisions of the 1931 adoption law are embodied in the following portion of Sec. 9, Art. 46a, Sec. 9, V.A.C.S.:

"When a child is adopted in accordance with the provisions of this article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, provided however, that nothing herein shall prevent such adopted child from inheriting from its natural parent; all adopted children shall inherit from the adopted as well as its natural parents. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock. * * *"

In Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638, 641, the court had for determination the question whether a child adopted prior to the 1931 Act, was entitled, under Art. 3357, to letters of administration upon the estate of his adopting father who died subsequently to the effective date of the 1931 Act. As we regard that decision as controlling here we quote from the opinion somewhat at length:

"If we properly understand the briefs and arguments filed by counsel for Frederick Hoch and Mrs. Berry, they contend that Frederick Hoch has the right to be appointed administrator of this estate, under and by virtue of the provisions of Section 9 of Article 46a, Vernon's Texas Statutes, when considered with Article 3357 and 3359, supra. In this connection, it is contended that the first mentioned statute, by its terms and provisions, constitute Frederick Hoch, for all lawful purposes, the son and heir of Fred Hoch, just as though he had been born to Fred Hoch in lawful wedlock. We are satisfied that had Frederick Hoch been adopted by Fred Hoch under this statute, its provisions, as between the adopted son and the adopting father, would, in law, have constituted such adopted son the son of the adopting

father, just as though the adopted son had been born in lawful wedlock the natural son of the adopting father. This is the very plain intention of the statute under consideration. It intends, as to the children adopted under it, and, *as between the adopting parent and the adopted child*, to create a relation in law and in fact the same as exists under our laws between natural parent and natural child. At this point, however, we desire to call attention to the fact that we have placed emphasis on the phrase we have used in this opinion, *as between the adopting parent and the adopted child*. To our minds, the statute purports to go no further, except in one particular. As to this particular, the statute states: *'Provided, further, that if such adopting parent or parents shall have other children both natural children and adopted children, then, in such event, the children by birth and adoption shall respectively inherit from and through each other as if all such children had been born in lawful wedlock of the same parents.'* In Eck v. Eck, Tex.Civ.App., 145 S.W.2d 231, writ dismissed judgment corrected the part of the above Act just quoted was held unconstitutional, because not contained in the caption or title. We agree with that decision.

"When we come to examine our statute, Section 9 of Article 46a, supra, from its four corners, and when we construe such statute in the light of the subject matter of the legislation, and the end sought to be accomplished, we are convinced that the constitutional portion thereof can only be applied to a child 'adopted in accordance with the provisions of this article, * * *', except in two particulars. These particulars are:

"(a) The statute protects and preserves the heirship rights of a child adopted under former statutes. In this connection the statute provides, 'all adopted children shall inherit from the adopted as well as its natural parents.'

"(b) This statute applies to children residing in this State who have been adopted under the laws of another State of the United States.

"We will not attempt an extended analysis of Section 9 of Article 46a, supra. It is sufficient for us to say that a careful reading thereof will disclose that every part thereof, except in the two particulars above mentioned, is controlled and governed by the opening clause, 'When a child is adopted in accordance with the provisions of this article,' etc. Furthermore, we think we are giving this statute a very liberal construction in favor of Frederick Hoch, when we construe the provisions quoted under 'a' above as preserving his heirship rights."

That opinion was delivered January 27, 1943. The legislature was then in session, and there were two other regular legislative sessions, 1945 and 1947, prior to the death of Dr. Williams in November 1947. Since no change was made in the 1931 Act, it would seem that the legislature was satisfied with the construction given it in the Hoch case. We are unable to reach a conclusion other than that, under the Hoch decision, no change was wrought by the 1931 Act in the relation between Mrs. Tarbutton or her children and Mrs. Myrtle Williams, and that the children are not by that Act entitled to be placed in Class A as direct lineal descendants of Mrs. Williams or otherwise. We have reached this conclusion with great reluctance; as the case here presented is a most appealing one, and we can see no reasonable basis for including in Class A children of an adopted child of a testator and excluding those of an adopted child of a spouse of testator. But we are bound by the decision in the Hoch case and the plain and unambigous meaning of the 1935 amendment of Art. 7118.

Appellee strongly relies upon the very recent case of Fulcher v. Carter, Tex.Civ. App., 212 S.W.2d 503, in which no application for writ of error was filed. The opinion in that case is a very able one by Mr. Justice Stokes of the Amarillo court. The question there determined was that the 1931 adoption law changed the right of inheritance of a child adopted under the prior law in the respect that it eliminated the provision of the latter reading: "If the adoptive parent has at the time of such

adoption or shall thereafter have, a child, begotten in lawful wedlock, such adopted heir shall in no case inherit more than one-fourth of the estate of the adoptive parent." R.S.1925, Art. 42. Two and one-half columns are devoted to a detailed analysis of the Hoch case (head note 6, pp. 509–510), and the conclusion reached that the heirship rights of prior adopted children, held in the Hoch case to have been preserved by Sec. 9 of Art. 46a ("all adopted children shall inherit from the adopted as well as the natural parents"), was not limited by the opening clause of Sec. 9: "When a child is adopted in accordance with the provisions of this Article".

Regardless of whether there is any conflict, apparent or real, between the Fulcher and Hoch cases (a question upon which we express no opinion, although we concede the cogency of the reasoning in the former in reaching the conclusion that there is no such conflict), the situation we have before us (an entirely different one from that in the Fulcher case) is clearly ruled, in our opinion, by the Hoch decision.

As to Mrs. Tarbutton's classification the trial court's judgment is affirmed. As to the two children's classification it is reversed and they are declared to fall in Class E, Art. 7122. Costs of appeal are assessed against appellee; those of the trial court against appellants in their respective official capacities.

Affirmed in part and in part reversed and rendered.

HUGHES, J., dissenting in part.

HUGHES, Justice (dissenting in part).

In my opinion the entire judgment should be reversed and rendered, and in so far as the majority opinion fails to do so, I respectfully dissent.

The majority opinion recognizes that Mrs. Tarbutton does not fall within any of the classes named or described in Art. 7118, Class A, V.A.C.S. It is only by reference to the adoption statutes in force when Mrs. Tarbutton was adopted and the application of the Supreme Court decision in State v. Yturria, 109 Tex. 220, 204 S.W. 315, L.R.A.1918F, 1079, that the majority reaches the conclusion that Mrs. Tarbutton is in Class A.

In my judgment the Yturria case is not applicable and this because of the legislative history of the inheritance tax statutes subsequent to the decision in the Yturria case.

Art. 7487 of the Revised Statutes of 1911, in force when the Yturria case was decided (1918) did not mention adopted children. In 1923 the Legislature, for the first time, mentioned adopted children in the inheritance tax statutes. Chap. 29, Acts 38th Leg., 2nd Called Session. While the inclusion of adopted children in the 1923 Act did no more than write into the statute the effect of the decision in the Yturria case, it indicated an intent on the part of the Legislature to assert its lawmaking prerogatives.

The decision in the Yturria case and the 1923 amendment limited the favoritism shown adopted children to those adopted by the decedent.

This limitation was carried forward in the 1935 amendment, Art. 7118, V.A.C.S., but as to adopted children, the benefits of the favored classification were extended to direct lineal descendants of adopted children of the decedent.

The maxim expressio unius est exclusio alterius "signifies that the express mention or enumeration of one person, thing, consequence or class is tantamount to an express exclusion of all others." 39 Tex.Jur., p. 158.

I believe this rule of statutory construction to be applicable and, the language of the statute being plain, that the rights of adopted children and their children are, under the inheritance tax statutes, limited to children adopted by the decedent.

Another reason compels this conclusion.

"A statute should be construed so that effect is given all its provisions, so that no part will be inoperative or superfluous, * * *." Sutherland Statutory Construction, 3rd Ed., Vol. 2, Par. 4705.

The majority holds that Mrs. Tarbutton falls in Class A under the clause, Art.

7118, "or any direct lineal descendant of * * * wife *. * *." If this be corrrect then, by the same reasoning employed by the majority, children adopted by the decedent would fall in Class A under the clause, Art. 7118, reading, "or any direct lineal descedant * * * of the decedent," which construction renders the clause referring to adopted children of the decedent. superfluous.

· Furthermore, I have a strong conviction that Art. 7118 is being judicially stretched out of all proper proportions and that the courts are adding exemptions not found in the statute, for reasons which the Legislature probably should consider, but as yet has · not considered, sufficient to warrant preference; but in this there has not been consistency. This is the inevitable result of courts deciding cases according to what the judges conceive to be right or wrong.

In the Lewis v. O'Hair, Tex.Civ.App., 130 S.W.2d 379, 380 (Austin CCA No Writ Applied for), the court held, in construing Art. 7118, that the "wife of a son" meant the widow of a deceased son, saying:

"The trend of decision and legislation has been to give a liberal construction of and to liberalize the statute in the interest of those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage."

Yet, in Johnson v. Davis, Tex.Civ.App., 198 S.W.2d 129 (Austin CCA Writ Ref. NRE), the court held that a divorced wife and the mother of testator's three children was not a wife within the meaning of Art. 7118. The mother of a man's three children, it seems, would have as much "legitimate character of claim to the donor's bounty" as the widow of a deceased son.

In my opinion the decision in the Davis case properly construed the statute as it is written; while the O'Hair case construed the statute as the court thought it should have been written.

Now in this case we are asked to hold, and the majority does so hold, that the adopted child of a deceased wife is by the devious method of resorting to the adoption statutes and the court decision in the Ytur-

ria case, a "direct lineal descendant of * * * wife" even though the decedent left a surviving wife.

I am unwilling to thus rewrite a plain statute.