George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The opinion of this court heretofore rendered in this cause is withdrawn, and the following is substituted therefor:

The charge is false imprisonment, under Art. 1169, P.C. The case was tried before the County Court of Calhoun County without the intervention of a jury and resulted in appellant's conviction and a fine of $75.

There being no bills of exception in the record, the only questions for review by this court are the regularity of the proceedings and the sufficiency of the evidence.

The alleged injured parties were hunting deer on Matagorda Island. After they had killed three deer, they were approached by the defendant and, by him, carried, together with the deer, to the home of a Mr. Wynne, who owned or had under lease a large portion of Matagorda Island. The defendant was, throughout the entire transaction, acting as overseer for Mr. Wynne and, under his instructions, was not to allow hunting on the land on which he had cattle grazing. When the party, consisting of the defendant and the two alleged injured parties, arrived in defendant's "jeep" at Mr. Wynne's house on the south part of the island, Mr. Wynne came out to the jeep and told the two alleged injured parties that they "had no right to hunt out there," took charge of the deer, and instructed the defendant to drive them back to their boat—which was done. This journey to and from the Wynne home was the detention relied upon by the state.

The record in this case, after diligent search, fails to reveal where on Matagorda Island the deer were killed, other than, inferentially, that the same occurred on land under the control of Mr. Wynne and on which he was engaged in the raising of cattle. The witnesses testified as to the sites of the killing, but failed to make any mark of identification on the map introduced in evidence, so that an exact location could be made by this court. The record being in such condition, it is impossible for this court to write on several questions raised by appellant.

The complaint and information allege that the defendant in and upon the injured parties did commit an assault and did then and there by means of threats unlawfully detain them.

A careful search of the record fails to reveal any evidence of an assault or of a threat of any character made by the defendant to either of the injured parties, both of whom testified that none was made.

Having alleged the use of threats and having failed to prove same, the evidence is not sufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

HAMILTON et al. v. CALVERT et al.

No. 9922.

Court of Civil Appeals of Texas. Austin.

Dec. 13, 1950.

Rehearing Denied Jan. 10, 1951.

454

Coke & Coke, by Walter B. Branan, Arthur Hamilton, all of Dallas, for appellant.

Price Daniel, Atty. Gen., W. V. Geppert and Marietta Creel, 'Asst. Attys. Gen., for appellee.

HUGHES, Justice.

This is an inheritance tax case in which appellant Arthur Hamilton claims that he falls in preference Class A, Art. 7118, Vernon's Ann.Civ.St., as a " * * * direct lineal descendant of * * * wife," even though decedent and appellant's mother were divorced at the time of decedent's death.

The stipulated facts show:

Otis Phillips, Sr., the decedent, married Clevy Hamilton in 1912 and they lived together as husband and wife until shortly before they were divorced on July 5, 1944.

Mrs. Clevy Phillips had been previously married and Arthur Hamilton was her son by such former marriage.

Four children were born of the marriage of Otis Phillips, Sr., and Mrs. Clevy Phillips, all of whom, as well as Mrs. Phillips, were living at the death of Otis Phillips, Sr., on August 14, 1947.

Arthur Hamilton was between four and five years of age when his mother married Mr. Phillips. From that time and until he completed his legal education in Harvard Law School, in 1935, Arthur Hamilton was a member of the Phillips family and shared equally with the other children the comforts and benefits of the Phillips home and in the advantages and gratuities extended by Mr. and Mrs. Phillips. This equality of treatment was last expressed by Mr. Phillips in his will which left his entire estate to his divorced wife, his four children, and Arthur Hamilton, in equal shares.

The three principal cases discussed by the parties in their briefs are: Lewis v. O'Hair, Tex.Civ.App., 130 S.W.2d 379; Johnson v. Davis, Tex.Civ.App., 198 S.W. 2d 129, Writ Ref.N.R.E.; and Decker v. Williams, Tex.Civ.App., 215 S.W.2d 679, Writ Ref., all by this court.

In the O'Hair case the court held that the widow of a deceased son was the "wife of a son" and entitled to Class A classification under Art. 7118.

In the Decker case the court held that the adopted child of a deceased wife was a "direct lineal descendant of * * * wife," [215 S.W.2d 680] and entitled to Class A classification under such Article, even though decedent left a surviving wife or widow.

In the Davis case the court held that a divorced wife and the mother of decedent's three children was not a "wife" within the meaning of Art. 7118.

■ The rationale of these decisions is that affinal relationships created by marriage will survive the dissolution of such marriage by death, but do not survive if the marriage is dissolved by divorce.

■ In the Davis case the court, after holding that the word "wife" as used in the statute is synonymous with surviving wife or widow, "to which person alone the term 'wife' as used in the statute can, under any tenable theory of construction, be held to apply",[1] [198 S.W.2d 130] said: "A divorce under Texas law constitutes a complete severance, annulment, and final termination of the marital relation or status. 'The divorce a mensa et thoro is unknown to our law. Whether the decree be for impediment rendering void the marriage, or for causes arising subsequent to the celebration, the result is the same—a dissolution of the marriage relation.' Judge Speer's Law of Marital Rights in Texas, 3rd Ed., p. 776, § 625. Thereafter neither former spouse is husband or wife of the other. They are thenceforth strangers as completely as they were before the marriage, in so far as concerns the marital relation or status."

■ This being true, Mr. Hamilton could not be a direct lineal descendant of the wife of decedent because Mr. Hamilton's mother was neither a deceased spouse nor the surviving wife or widow of decedent, he and she were "strangers."

It is useless for us to examine Biblical law or the decisions in other jurisdictions on this question, as suggested by appellants. We are bound by the construction of this statute made in the Davis case and approved by the Supreme Court.

The opinion in that case leaves us no room to consider the actual family relationship of decedent and appellant, nor does it leave authority for us to give effect to the actual solicitude which decedent bore him.

We, therefore, hold that appellant was correctly denied inclusion in preference Class A of Art. 7118.

■ Appellant, in the event we should hold as above indicated, urges the unconstitutionality of the 1935 amendment to Art. 7118, V.A.C.S. H.B. 682, Acts 44th Leg.Reg.Sess., p. 922.

The ground of this attack is that the title varies from the body of the Act and that Art. III, Sec. 35, of our Constitution, Vernon's Ann.St., providing in part that "if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed", was contravened.

The title of the Act provides, in part, that the statute should be amended " * * * by adding to the class exempted and taxed under class 'A' therein, stepchildren of the decedent, and their direct descendants * * *," whereas the Act itself adds, in this respect, the words, " * *. * or any direct lineal descendant of husband or wife * * *."

We doubt if appellant has sufficient interest to raise this question but, even so, we are of the opinion he is wrong.

A stepchild is a child of one's wife or husband by a former marriage. Notice in the caption that the statute was to be amended by adding, "stepchildren of the

---

1. This language was modified by the opinion in the Decker case, supra, the court there saying: "We find no reasonable basis for limiting the classification here in issue to direct lineal descendants of a surviving spouse. The reasons are just as cogent for inclusion of lineal descendants of a deceased spouse." 215 S.W. 2d 679, loc. cit. 681.

decedent, and their direct descendants", was fair notice of the subject-matter of the projected law which added, " * * * any direct lineal descendant of husband or wife * * *." Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966.

All other questions raised by appellant are immaterial, in view of the conclusions above announced.

The judgment of the trial court is affirmed.

Affirmed.