Mary Mann CREW et vir, Appellants,

v.

J. C. LOONEY et al., Appellees.

No. 5220.

Court of Civil Appeals of Texas.

El Paso.

Feb. 13, 1957.

Rehearing Denied March 6, 1957.

Raymond Ehrlich, Pharr, for appellants.

William H. Helms, Ralph L. Alexander, Kelley, Looney, McLean & Littleton, Edinburg, for appellees.

FRASER, Justice.

This is an appeal from a judgment of the 93rd District Court of Hidalgo County, sustaining a plea in abatement filed by appellees, and dismissing appellants' suit for partition. The appellant, Mary Mann Crew, who is joined herein by her husband, was adopted by Mr. and Mrs. Robert L. Mann on May 10, 1930. Prior to that time Mr. Mann had, on April 24, 1911, executed a will leaving everything to his wife, Hannah J. Mann. Mr. Mann died in 1933, and several years later his will was duly probated, and his widow, Hannah, was the sole beneficiary. After the lapse of several years, she sold the property in question to C. R. Fitzpatrick.

Appellants have based their appeal on the position that because the will of appellant's adoptive father was executed by him in 1911, and the deed of adoption was executed in May 1930, that the court should disregard the will insofar as it did not provide anything for her, and that she was entitled to one-half of the estate. The facts are not in dispute. Appellants rely on the provision of Vernon's Ann.Civ.St. art. 46a, which is substantially the same as it was in 1931 when it became a law, subsequent to the adoption here involved. This provision is as follows, in part:

> "When a child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine * * *. Said child shall thereafter be deemed, and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock."

They also rely on Article 8293, R.C.S.,[1] the pertinent provisions of which are as follows:

> "Every last will and testament made when the testator had no child living, wherein any child he might have is not provided for or mentioned, if at the time of his death he shall leave a child, or leave a wife enceinte of a child which shall be born, shall have no effect during the life of such after-born child and shall be void unless the child die without having been married and before he shall have attained the age of twenty-one years."

Appellant contends that Article 46a is of some benefit to her legal position because of its wording, but it has been held that this article applies only to children adopted on and after that date, and it does not change the position of previously adopted children. Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638. It is obvious that this statute applies only to children adopted on and after the date of the statute, and the statute carefully provides that it does not derogate or enhance the rights of children adopted prior to this enactment.

With regard to Article 8293, this statute obviously deals with *after-born* (emphasis ours) children. The appellant here, as will be remembered, was an adopted child. This court held, in Evans v. Evans, Tex.Civ. App., 186 S.W. 815, that an adopted child was not a pretermitted heir, and the decision pointed out that the statute dealing with this subject considered and affected only "after-born" children. Appellants have cited the case of Fulcher v. Carter, Tex.Civ.App., 212 S.W.2d 503, but we see no conflict in that case, as that decision dealt with the rightful share of an adopted child where the parent died intestate. There of course is no relation between that situation and the one here. Also, the case of Spaulding v. Melch, Tex.Civ.App., 189 S.W.2d 639 (wr.ref.), simply is an interpretation of Article 46a, and holds that the statute means what it says, but does not deal even indirectly with the problem before us.

We do not find merit in appellants' point of error. The testator made his will in 1911, adopted the appellant in 1930, and died in 1933. While it is true that the law in effect at the time of the death of the testator governs the disposition of his estate, his will was legally probated, and it left nothing to appellant, so we find nothing that would justify the awarding of any share of his estate to appellant. The new adoption law passed in the Fall of 1930 obviously applies to adoptions on and after that date. Article 8293, R.C.S., specifically applies to "after-born" children, and those words appearing in the statute cannot be expanded to include adopted children, and the courts so hold.

1. Now V.A.T.S. Probate Code, § 67.

We therefore hold that the trial court was correct in granting the plea in abatement and dismissing the cause.

Appellants' point of error is overruled, and the decision of the trial court is affirmed.