Nancy G. FARRIER, Appellant,

v.

Robert S. CALVERT et al., Appellees.

No. 10590.

Court of Civil Appeals of Texas.

Austin.

June 11, 1958.

Rehearing Denied July 2, 1958.

———◆———

Wurzbach & Camp, San Antonio, Gibson R. Randle, Austin, for appellant.

Will Wilson, Atty. Gen., Marietta McGregor Payne, Asst. Atty. Gen., for appellees.

ARCHER, Chief Justice.

This suit was instituted by appellant to recover an inheritance tax which had been paid under protest pursuant to the provisions of Article 7057b, Vernon's Civil Statutes. The tax was alleged to have been illegally assessed by reason of classifying a beneficiary under Class E—Article 7122, V.C.S., rather than under Class A—Article 7118, V.C.S. The case was tried without a jury. The trial court decreed that the beneficiary had been properly classified for inheritance tax purposes under Class E of Article 7122, and rendered judgment for appellees.

Appellant bases her appeal on the following assignment:

"The Court erred in holding that Jessie S. Silveus, adoptive mother of the decedent, was properly classified for inheritance tax purposes under Article 7122, Class E, instead of Article 7118, Class A, V.A.C.S."

On February 2, 1925, William A. Silveus and wife Jessie S. Silveus, by deed of adoption, adopted as their legal heir and son, a child about one year old and named him William I. Silveus in accordance with the adoption statutes then in effect.

Subsequent to the adoption, the child was given affectionate care and consideration by his adoptive parents. William A. Silveus died prior to the death of William I. Silveus.

Since there is no question raised as to the sufficiency of the adoption under the statutes in effect on February 2, 1925, we do not copy the deed of adoption herein, but observe that the child was adopted as the legal heir of the adoptive parents with whom the child had been placed by a Home Finding Society, to which the child had been given by his mother.

Appellant contends that the adoptive mother is to be regarded within the meaning of the inheritance tax statutes as the "direct lineal ascendant of the decedent" and as such she is entitled to Class A exemption under Article 7118, V.A.C.S.

The appellees take the position that the adoptive mother should be classified under Class E of Article 7122, V.A.C.S., and that the controlling fact in the case is that the decedent was adopted by the beneficiary of his will (and her now deceased husband) in accordance with the adoption statutes in effect on February 2, 1925.

Article 7118 provides for Class A classification for the following groups:

"If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any direct lineal descendant or ascendant of the decedent, or to legally adopted child or children, or any direct lineal descendant of adopted child or children of the decedent, or to the husband of a daughter, or the wife of a son, the tax shall be * * *".

We do not believe that under the language of Article 7118, V.A.C.S., the adoptive mother can be classified under Class A, because she is not a direct lineal ascendant of the adoptive son. 1 Bouv. Law Dict., Rawle's Third Revision, p. 146.

Under the adoption statutes in effect at the time the decedent was adopted, he became entitled to all the rights and privileges of a legal heir of the parties adopting him (with a possible limitation not material here), but no rights of heirship were conferred upon the adopting parents, and absent such privilege the adoptive parents cannot be given Class A classification.

It is stated that the question presented herein has never been decided by the appellate courts of Texas.

In State ex rel. Walton v. Yturria, 1918, 109 Tex. 220, 204 S.W. 315, 316, L.R.A. 1918F, 1079, it was held that legally adopted children come within the exemption then provided by Article 7487, R.S. (1911) for "direct lineal descendants" of a decedent, but did not allow such an exemption to the children of the adopted children.

In Decker v. Williams, Tex.Civ.App., 215 S.W.2d 679, er. ref., the Court rejected the contention that the adoption laws of 1931, Vernon's Ann.Civ.St. art. 46a resulted in extending the Class A classification to the adopted child's children and wrote in detail and extensively as concerning the adoption statutes, the privileges, limitations and restrictions thereunder and no useful purpose can be had by inserting herein the holdings, but reaffirm all that is said therein.

The subsequent amendments of 1951 to the adoption statutes cannot be applied retroactively to enlarge the rights of inheritance of adoptive parents of adopted children whose adoption was accomplished prior to the effective date of the amendment, and creates no privilege of inheritance on the part of the adoptive parents in

this case upon which to predicate Class A classification for inheritance tax purposes. Crew v. Looney, Tex.Civ.App., 300 S.W. 2d 368, er. ref. N.R.E.; Johnson v. Davis, Tex.Civ.App., 198 S.W.2d 129, er. ref., N.R.E.

In 1923 there was embodied the first specific provision relating to adopted children in the Inheritance Tax Statute. Acts 38th Leg., 2nd C.S., Ch. 29, p. 63, and in 1935 the benefits of Class A were extended to direct lineal descendants of adopted children of a decedent. Acts 44th Leg., Ch. 356, p. 922.

There does not appear to be an indication of an intent on the part of the Legislature to extend this favorable classification to the adoptive parents of an adopted child.

We are referring to the several statutes concerned with adoption, and not copying such herein, in an endeavor to not unduly lengthen this opinion.

The first adoption statute was enacted in 1850, Pas.Dig., Art. 31. In 1907 certain provisions were made allowing natural parents to transfer parental authority to the adopting party.

Acts 30th Leg.1907, Ch. XLVII, p. 103; Articles 3, 4 and 5, Title 1, R.S.1911 contain these provisions. Articles 3 and 4 were amended in 1920. Articles 1–8, Title 1, R.S.1911; Acts 36th Leg., 3rd C.S.1920, Ch. 62, p. 115; Acts 38th Leg.1923, 2nd C.S., Ch. 29, p. 63; Acts 42nd Leg.1931, Ch. 177, p. 300; Acts 44th Leg.1935, Ch. 356, p. 922; Acts 52nd Leg.1951, Ch. 249, p. 388.

The adopted child did not become a "member of the family" for all purposes.

The 1931 Act was an effort to create a new relationship between the adopted and natural children of the adoptive parent.

Eck v. Eck, Tex.Civ.App., 145 S.W.2d 231, writ dism., cor. judgm., held this Act ineffective because of a defective caption.

Article 46a, Sec. 9 of the 1951 Act makes an adopted child a member of the family of the adoptive parents only if such child is adopted subsequent to the effective date of the Act. Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638.

We have been afforded very complete briefs and have considered them carefully.

Appellant has cited McDonald v. Texas Employers' Ins. Ass'n, 267 S.W. 1074, er. ref. We do not believe the holding in this case to be determinative of the issue here involved.

The primary concern in the McDonald case was the child's right to maintenance, and the parents' right to custody of the child, and a cause of action for compensation to repair the loss occasioned by the death of the employee upon whom the beneficiary was dependent.

Other cases cited by appellant include Johnson v. Davis, supra; Preusse v. McLerran, Tex.Civ.App., 282 S.W. 293, writ dism., w. o. j.; Chancellor v. Chancellor, Tex.Civ.App., 23 S.W.2d 761, er. ref. The cases are primarily concerned with the rights to support and maintenance by the child, and the adopted parents' right to control and custody of the child, and such rights have no bearing upon the status of the adoptive parent for inheritance tax purposes, as a direct lineal ascendant of the decedent.

In Calvert v. Fisher, Tex.Civ.App., 259 S.W.2d 944, er. ref., this Court reviewed many of the cases relied on by appellant.

There has been a departmental construction for a long time that the beneficiary under circumstances such as in this case should be classified for inheritance tax purposes under Class E.

The Attorney General's opinion No. WW–195 introduced in evidence in this cause rules that the beneficiary in this case should be classified for inheritance tax purposes under Class E, and such opinion is

highly persuasive and is given great weight by the Courts. .5 Tex.Jur. 379, Attorney General, Sec. 7.

The judgment of the Trial Court is affirmed.

HUGHES, Justice.

I respectfully dissent.

The Yturria case having held that adopted children are not "lineal descendants" of the adoptive parents it necessarily follows that the adoptive mother is not a "lineal ascendant" of the decedent, her adopted child. That case held, however, that an adopted child was entitled to the same privilege (exemption) under the inheritance tax statutes as natural children of the decedent because "by the plain terms of Article 2" it was similarly entitled. The Article referred to was Art. 2, R.C.S. (1911) of "Title 1 Adoption" and the "plain terms" referred to were that the adopted party should be entitled to "all the rights and privileges, both in law and in equity, of a legal heir of the party so adopting him" with certain limitations.

There are presently statutory terms equally plain that the adoptive mother is a legal heir of the adopted child.

Art. 46a, V.A.C.S., provides, in part:

"When a minor child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, and such child shall thereafter be deemed and held to be for every purpose the child of its parent or parents by adoption as fully as though naturally born to them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and said parent or parents by adoption shall be entitled to the services, wages, control, custody and company of said adopted child, all as if said child were their own natural child. For purposes of inheritance under the laws of descent and distribution such adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, *and such parent or parents by adoption and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption.*[1] The natural parent or parents of such child and their kin shall not inherit from or through said child, but said child shall inherit from and through its natural parent or parents."

This statute is inapplicable here because the adoption was not consummated in accordance with its provisions. Decker v. Williams, Tex.Civ.App. Austin, 215 S.W. 2d 679, writ refused, which decision on this point was based on Hoch v. Hoch, 140 Tex. 475, 168 S.W.2d 638; Crew v. Looney, Tex.Civ.App. El Paso, 300 S.W. 2d 368, writ refused, N.R.E.

There is another statute which cannot be disposed of so easily. Sec. 40 of the Probate Code, V.A.T.S., provides, in part:

"For the purposes of inheritance under the laws of descent and distribution, an adopted child shall be regarded as the child of the parent or parents by adoption, such adopted child and its descendants inheriting from and through the parent or parents by adoption and their kin the same as if such child were the natural legitimate child of such parent or parents by adoption, *and such parent or parents by adop-*

---

1. All italics in this opinion are added.

*tion and their kin inheriting from and through such adopted child the same as if such child were the natural legitimate child of such parent or parents by adoption."*

Generally it is held that the right to inherit is determined by the laws in force as of the date of the death of the decedent. Lee v. Smith, 18 Tex. 141, 142.

Specifically it is held that the law in force at the time of an adoptive parent's death determines the right of an adopted child to inherit from him. Fulcher v. Carter, Tex.Civ.App. Amarillo, 212 S.W.2d 503, 507,[2] from which I quote:

" 'When the statute says that one person may adopt another as his heir, and that the latter thereupon becomes entitled to all the rights and privileges of a legal heir of the party so adopting him, it means that, upon the death of the adopting party, the other shall, if living, become entitled to an interest in all property of which he shall die intestate, and shall not be wholly excluded by any class of persons whatsoever.' Since the right to inherit as the heir of an intestate does not exist until the death of the intestate, it necessarily follows that the law in effect in the jurisdiction, and at the time of the death, of the intestate applies to the rights acquired by the inheritance. If it were otherwise there would, in many cases, be a confusing lack of certainty as to such an inheritance."

2. It is significant to note that this case, which granted benefits of the 1931 Adoption Statutes to a 1930 adoption does not involve a separate statute of descent and distribution. Whether it is in conflict with Decker v. Williams, supra, and its parent case Hoch v. Hoch, supra, both construing the 1931 Adoption Statute, and Crew v. Looney, supra, construing the 1951 Adoption Statute, is not necessary for this Court to consider. If there

See also the opinion of this Court in Eck v. Eck, 145 S.W.2d 231, writ dism., cor. judgm.

Since at the time of decedent's death the adoptive mother was an heir of her adopted son under Sec. 40 of the Probate Code then irrespective of the applicability of Art. 46a it must be held under the rule of Yturria that the adoptive mother is entitled to the same preferred status of a natural mother under the inheritance tax statutes. At least this must be the holding unless adoptive parents are unjustly discriminated against by refusing to employ the same reasoning as to adoptive parents as Yturria applied to adopted children.

To prove my point I paraphrase the first sentence of next to the last paragraph in the Yturria opinion.

As it was the privilege of a mother under Arts. 7117–7118, V.A.C.S., to have property within the jurisdiction of the State pass to her, by will or descent, upon payment of the minimum inheritance tax, and as an adoptive mother was entitled by the plain terms of Sec. 40 of the Probate Code to the same privilege, it follows that the adoptive mother was privileged to take the property devised her by the adopted son upon payment of the minimum inheritance tax.

Needless to say, in view of my dissenting opinion in Decker v. Williams, I believe the conclusion reached by me herein to be bad law.

is no conflict in these cases as is strongly suggested in Decker v. Williams whose language has Supreme Court approval and Art. 46a applies and made the adoptive mother an heir of her adopted son on his death then the Yturria case is direct authority for holding that the privileges of the inheritance tax statute should be extended to the adoptive mother the same as to the natural mother.