THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



July 28, 1958

Hon. Robert S. Calvert            Opinion No. WW-481
Comptroller of Public Accounts
Capitol Station                   Re: Proper classification
Austin, Texas                         for inheritance tax
                                      purposes of illegiti-
                                      mate son of deceased
Dear Mr. Calvert:                     brother of decedent.

You have requested the opinion of this office as to
the proper classification for inheritance tax purposes of
the illegitimate son of a deceased brother of a decedent
who named said son as a beneficiary of his will. You have
also advised us orally that there has been no assertion of
legitimation of the son by the brother prior to his death.

Article 7120-Class C, Vernon's Civil Statutes, reads
in part as follows:

"If passing to or for for /sic./ the use of a
brother or sister or a direct lineal descendant
of a brother or sister, of the decedent, the tax
shall be . . ."

It is undisputed that if the beneficiary of the will
in this case cannot come within Article 7120, V.C.S., the
beneficiary must be classified under Article 7122-Class E,
V.C.S. Thus, the sole question for determination is whether
an illegitimate child is a "direct lineal descendant" within
the meaning of Article 7120.

At common law an illegitimate child could not inherit.
Berry v. Powell, 105 S.W. 345 (Tex.Civ.App. 1907); certified
question to Supreme Court, 101 Tex. 55, 104 S.W. 1044 (1907);
1 Blackstone Comm. 459. Indeed, before the passage of nu-
merous state statutes changed this general rule, the ille-
gitimate child was fillius nullius, the child of nobody or
fillius populi, the child of the people. A bastard had no
father known to the law, and not even a mother. See VIII
Baylor Law Review 110, "Legitimation of Bastards, etc."

In Whorff v. Johnson, 58 A 2nd 553 (Me. Sup. 1948),
3 A.L.R. 2d 166, the question for decision was whether the
illegitimate daughter of the testatrix was to be treated as

a "lineal descendant" and "child" with the resulting favorable classification for inheritance tax purposes under the Maine statute.  The court pointed out that the purpose of the common law rule was to restrain and control unlawful cohabitation by making lifetime embarrassment for the children, but that the modern tendency was to break away from such harsh treatment of the innocent son or daughter and that the statutes in Maine tended to mitigate the unreasonable severities of the common law.  The Maine statute provided that an illegitimate child was the heir of his parents who intermarry and that any such child born at any time was the heir of his mother.  If the father of an illegitimate child adopted him or her into his family, or in writing, acknowledged before some justice of the peace or notary public that he was the father, such child also becomes the heir of his or her father.  In such cases, the child and its issue would inherit from its parents respectively, and from their lineal and collateral kindred, and these from such child and its issue the same as if it were legitimate.

The court stated that the purpose of the above summarized legislation was to create something which did not previously exist.  It was recognition of the mother of the illegitimate child.  It was recognition of the child.  It made the child the _heir_ of the mother, and by making the child the heir, it made _a child_ who had not been previously recognized as a child.

When the Maine legislature passed the inheritance tax statute, it had knowledge, said the court, of its prior statutes and the decisions affecting the status of all children whether illegitimate or born in lawful wedlock. Since the legislative department is supposed to have a consistent design and policy and to intend nothing inconsistent or incongruous, the court reasoned that when the legislature stated that "a lineal descendant" was in Class A, it necessarily had the intention, in view of the existing legislation, to include the issue of an unmarried mother.  Under the statute the property of the mother passing to her illegitimate daughter passed "the same as if legitimate," and so passed to her child as "lineal descendant."

Thus it is clear that the sole reason for the holding of the court in the Whorff case was the existence of a statute providing that an illegitimate child shall be considered as the heir of the mother, and shall inherit in the same manner as if born in lawful wedlock.  It was on this ground that the court predicated its holding that the illegitimate child was a "lineal descendant" and "child"

of the decedent within the meaning of those terms as used
in the provisions of the controlling inheritance tax law
respecting exemption and tax rate.

Section 42 of the Texas Probate Code, V.A.T.S., sets
out the inheritance rights of illegitimate children and
reads as follows:

> "For the purpose of inheritance to, through,
> and from an illegitimate child, such child shall
> be treated the same as if he were the legitimate
> child of his mother, so that he and his issue shall
> inherit from his mother and from his maternal kin-
> dred, both descendants, ascendants, and collaterals
> in all degrees, and they may inherit from him.  Such
> child shall also be treated the same as if he were a
> legitimate child of his mother for the purpose of
> determining homestead rights, the distribution of
> exempt property, and the making of family allowances.
> Where a man, having by a woman a child or children
> shall afterwards intermarry with such woman, such
> child or children shall thereby be legitimated and
> made capable of inheriting his estate.  The issue
> also of marriages deemed null in law shall never-
> theless be legitimate."

The above-quoted statute is, in many respects, similar
to the Maine statute.  It is noteworthy that in Texas the
illegitimate child is given full inheritance rights insofar
as the mother and all of her relatives are concerned.  How-
ever, our statute, as does the Maine statute, requires a
specific act on the part of the father to legitimate the
child.  No such legitimation was accomplished in the case
we are here considering.  Therefore, the illegitimate child
has not been made an heir of the decedent's brother, and
in line with the reasoning of the court in the Whorff case,
supra, cannot be considered the "lineal descendant" of the
brother of the decedent within the meaning of these words
as used in Article 7120.

Although this precise question has never been passed
upon by our courts, analogous situations have been con-
sidered in two cases concerning classification for inheri-
tance tax purposes of adopted children and their direct
lineal descendants.  The first of these is State v. Yturria,
109 Tex. 220, 204 S.W. 315 (1918).  In that case the court
held that the decedent's legally adopted children came with-
in the exemption then provided by Article 7487, R.S. (1911)
for "direct lineal descendants" of the decedent but refused

to allow an exemption for the property which passed under the will to the children of the adopted children. The court expressly held that the adopted children were not "direct lineal descendants" of the adoptive parent but reasoned that the child was entitled to the same privilege (exemption) under the inheritance tax statutes as natural children of the decedent because, under the terms of the adoption statutes in force at the date of adoption, the adopted children were entitled to "all the rights and privileges both in law and in equity of a legal heir of the party so adopting him" with certain limitations. Since these rights and privileges were limited to the adopted party, the children of the adopted children could not come within the exemption then provided for.

In Decker v. Williams, 215 S.W.2d 679 (Tex.Civ.App. 1948, error ref.), the court held on the basis of the Yturria case that the adopted daughter of a deceased first wife of the decedent was entitled to Class A classification as a "direct lineal descendant of . . . wife" of the decedent but that the children of the adopted daughter did not come within this provision.

The rationale of these decisions is consistent with the conclusion we have heretofore reached that the illegitimate child of a brother of the decedent must be classified for inheritance tax purposes under Class E, Article 7122, V.C.S.

SUMMARY

The illegitimate child of a brother of the decedent must be classified for inheritance tax purposes under Article 7122, V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

MMP/ba

APPROVED:

OPINION COMMITTEE:

Geo.P.Blackburn,Chairman

J. Arthur Sandlin
L. P. Lollar
Wallace Finfrock
Linward Shivers

By Marietta McGregor Payne
    Marietta McGregor Payne
    Assistant

REVIEWED FOR THE ATTORNEY GENERAL
By:   W. V. Geppert