

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 21, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-629

Re: The proper classification
of adopted children of a
decedent's deceased sisters
for inheritance tax pur-
poses. Otherwise stated,
do these adopted children
come under Class C as
stated in Article 7120
V.A.C.S. or Class E as
prescribed by Article 7122
V.A.C.S.

Dear Mr. Calvert:

Your request for opinion informs us that Alice
McMullen left a net taxable estate of $276,706.34
which passed by intestacy. One sister, Mrs.
Milliron, predeceased Mrs. McMullen and left two
adopted daughters, and another sister, Mrs.
Mattice, who also predeceased Mrs. McMullen,
left an adopted son and an adopted daughter.
Your question is as to which of the two classi-
fications for inheritance tax purposes should
these adopted children be placed.

Article 7122, Class E, is a general classi-
fication which includes those not coming under
any of the other classes and prescribes a rather
high schedule of inheritance taxes.

Article 7120, Class C, provides a much lower
schedule for the payment of the inheritance tax.
It is our definite opinion that these adopted
children of the deceased sisters of the intestate,
Mrs. McMullen, come within the more favorable

classification of Class C, as prescribed by
Article 7120.

Article 7120, Class C, contains the follow-
ing language:

"If passing to or for the use of a brother
or sister, or a direct lineal descendant
of a brother or sister, of the decedent,
the tax shall be ..." (Emphasis added)

and then follows the schedule of payments. The
question, simply stated, boils down to this:

Are these adopted children of the deceased
sisters of decedent "direct lineal descendants
of a brother or sister of the decedent," within
the meaning of Article 7120, Class C?

To argue that they are direct lineal des-
cendants, literally speaking, is an absurdity,
but that is not the question. The question
before us is whether or not they are lineal
descendants within the purview of the statute:
shall they be regarded as direct lineal de-
scendants for inheritance tax purposes under the
statute?

We consider that this is no longer an open
question in this state because the Supreme Court
on several occasions has held that such adopted
children are to be regarded as direct lineal
descendants under similar statutes. This point
was precisely decided by the Supreme Court in
the case of State ex rel Walton v. Yturria,
204 S.W.315. The opinion of the Court, after
first stating that such adopted children are
not direct lineal descendants (a biological
fact which is beyond dispute) then proceeds to
hold that they are direct lineal descendants
within the meaning of a statute similar to
Article 7120, Class C. We quote from the
Yturria case:

"Insofar as it applies to the questions
presented by this record, Article 7487,
R.S., subjects to a tax all property
within the jurisdiction of the state upon

its passing by will or by descent to or for the use of any person, 'except the father, mother, wife or direct lineal descendants of the testator,' ... (6) As it was the privilege of a child of Daniel Yturria under Article 7487, to have the property within the jurisdiction of this state pass to him, by will or descent, without payment of an inheritance tax, and as the persons adopted by Daniel Yturria were entitled, by the plain terms of Article 2 to the same privilege, it follows that Daniel Yturria and Ysabel Garcia were privileged to take the property devised to them by their adopter, without payment of the inheritance tax." (Emphasis added)

The case of Decker v. Williams, 215 S.W.2d 679, error ref., is precisely in point. The syllabus correctly reflects the holding of the Court and we quote therefrom:

"Under the inheritance tax statute taxing at lowest rates, bequests passing to or for the use of husband or wife or any 'direct lineal descendant' of husband or wife, quoted phrase means lineal descendants of a pre-deceased spouse as well as of a surviving spouse, including adopted daughter of testator's pre-deceased wife." (Emphasis added)

This line of authority has never been overruled so far as we are able to determine and it is still the law. You are therefore advised that these adopted children should be classified for inheritance tax purposes under Article 7120, Class C.

Article 46A, V.A.C.S., Section 9 of our adoption statutes provides that all adopted children shall inherit from the adopted parents and shall thereafter be regarded and held to be, for every purpose, the child of its parent or parents by adoption. The broad term "for every purpose" surely must include inheritance tax purposes.

## SUMMARY

"Adopted children of the decedent's deceased
sisters are 'direct lineal descendants' of
the deceased sisters within the meaning of
this phrase as used in Article 7120, Class C,
and must therefore be classified for inheri-
tance tax purposes under said article."

Yours very truly

WILL WILSON
Attorney General

By

W. Ray Scruggs
Assistant

WRS:jlw

APPROVED:

OPINION COMMITTEE

George P. Blackburn, Chairman
Ray Loftin
Henry Braswell
Morgan Nesbitt

APPROVED FOR ATTORNEY GENERAL
By:  W. V. Geppert