

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00342-CV

---

## IN THE ESTATE OF LIZZIE BONITA TAYLOR, DECEASED

---

On Appeal from the 20th District Court
Milam County, Texas
Trial Court No. CV41513, Honorable John Youngblood, Presiding

---

February 21, 2024

## MEMORANDUM OPINION[1]

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Charles Leon Williams and Angela Murray (W&M) appeal from the trial court's summary judgment dismissing, with prejudice, their "claims and causes of action." The latter apparently consisted of an interest in the estate of Lizzie Bonita Taylor. Lizzie died in 2021 with neither issue nor a spouse. That resulted in Esther Williams, Lizzie's half-sister, initiating an action for letters of administration and to declare the decedent's heirs. W&M filed an answer, claiming to be Lizzie's kin or kindred. A short time later, Esther filed both a no-evidence and traditional motion for summary judgment seeking to dispose

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

of their claims.  The trial court granted same without specifying the particular ground upon which it acted.  W&M appealed.  We affirm.

### Background

According to the appellate record, Charles Leon Franklin and Fannie Mae Franklin raised Lizzie, who was purportedly born in 1960.  They did so after being asked by Lizzie's mother, Nola Fae Jones, to care for the child.  Nola was Fannie's sister.  Lizzie was not the only child of Nola, however.  She had another, the aforementioned Esther.

According to W&M, Charles Leon Franklin adopted Lizzie.  He did not do so in a formal sense, though.  Rather, Lizzie became his child through the legal concepts of equitable adoption and adoption by estoppel.  And, purportedly being kin of Charles, W&M was kin of Lizzie.  As her kin, they were capable of inheriting from her, or so they thought.  Esther believed otherwise, resulting in her motion to dispose of their claims via summary judgment.

### Analysis

Through their sole issue, W&M contend the trial court erred in entering summary judgment dismissing their claims.  Allegedly, material issues of fact pretermitted dismissal.  We overrule the issue.

The standards of review are those discussed in *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219-20 (Tex. 2017).  We apply them here.  One other rule merits comment.  When the movant asserts multiple grounds and the trial court fails to specify the one or ones deemed meritorious, the appellant must disprove the validity of each ground.  *Lee v. AG Tex. Farm Credit Servs*., No. 07-21-00129-CV, 2021 Tex. App. LEXIS 9789, at *4 (Tex. App.—Amarillo Dec. 8, 2021, pet. denied) (mem. op.);

*Young v. JP Morgan Chase Bank, N.A.*, No. 03-15-00261-CV, 2016 Tex. App. LEXIS 7974, at *7-8 (Tex. App.—Austin July 28, 2016, pet. denied) (mem. op.) (the same).  That said, we turn to the matter at hand.

Among the multiple grounds urged by Esther in her motion, one involved the controlling body of law.  She urged: "Texas Courts have long held that in the circumstances of an amendment to a statute affecting a preexisting adoption, that there may not be an expansion or enlargement of the inheritance rights of the adoptive parent from the adopted child."  She also cited two cases allegedly supporting the proposition, *Farrier v. Calvert*, 315 S.W.2d 40 (Tex. Civ. App.—Austin 1958, writ refused n.r.e.) and *Decker v. Williams*, 215 S.W.2d 679 (Tex. Civ. App. Austin 1948, writ ref'd).  If accurate, the argument would be material because, historically, a parent could not inherit from a child adopted under the principles of equity and estoppel at issue here.  *See Heien v. Crabtree*, 369 S.W.2d 28, 30 (Tex. 1963) (so holding).  The legislature changed that rule in 2017, for it then enacted legislation defining "adopted child" to mean a child adopted through statutory procedures or equity and estoppel.  *See* TEX. ESTATES CODE ANN. § 201.054(e)(1)(A)&(B).  That change coupled with the language in § 201.054(a) (enacted in 2014) now enables parents and their kin to inherit.  *See id.* at § 201.054(a) (stating that "[t]he adoptive parent or parents and their kindred inherit from and through the adopted child as if the adopted child were the natural child of the adoptive parent or parents").

So, if the laws in existence at the time of adoption controlled, as urged by Esther, then W&M may not be capable of inheriting from Lizzie irrespective of the changes to § 201.054 of the Estates Code.  That made Esther's summary judgment ground rather important and meriting comment.  Yet, W&M did not address it, *Farrier* or *Decker*, or the

3

proposition that the laws of inheritance from an adopted child freeze at the time of adoption. Instead, they argued that: 1) "[b]oth the legislature and courts have long recognized that adoptive and natural children have a 'coequal' status in Texas";[2] 2) courts should change their stance and allow parents and kin of parents to inherit from equitably adopted children since statute now allows it; 3) "[w]hile the [2017] amendment makes very clear the legislature's intent that 'acts of estoppel' and 'equitable adoption' hold the same weight in relation to establishing a child's adoption, it did not, as the Appellee claims, 'change the rules of the game' in any significant way"; and 4) "[t]he Appellee mistakenly relies on several cases that hold that an adopted child's rights to inherit property *from his adoptive parents* are determined by the laws in place at the time *of the adoptive parent's death* . . . [but] [t]his case does not involve the Decedent's right to inherit *from Mr. Franklin*," the parent. (Emphasis added).

Again, nothing is said of *Farrier* and *Decker* and their indication that the inheritance rights of parents are those prescribed by statute existing at the time of adoption, irrespective of later amendment. Is that an accurate interpretation of those opinions? Is that still the law? Does (or did) the rule ever apply to adoption either equitable or by estoppel since neither are actually statutory adoptions? These and related topics go undiscussed.

And, that both *Farrier* and *Decker* emanated from the Third Court of Appeals is of further consequence. We, as a transferee court, are bound to follow its precedent. *See*

---

[2] This may be true when comparing statutorily adopted children with those naturally born. Yet, it is not true regarding children adopted through the judicially created principles involved here. *See Dampier v. Yearnd*, 493 S.W.3d 118, 125 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (recognizing that adoption by estoppel does not confer the legal status of parent and child for all purposes).

4

*Mischke v. Borromeo*, 645 S.W.3d 251, 254 (Tex. 2022) (observing that a court to which a cause is transferred must abide by the precedent of the transferring court); TEX. R. APP. P. 41.3 (same).

The described circumstance means W&M did not carry their burden to illustrate the invalidity of every ground upon which the trial court could have acted. Thus, we affirm the summary judgment.

Brian Quinn
Chief Justice

Parker, J., concurring in the result.